O'NEILL v. SEWELL.

The trustees of the asylum for the deaf and dumb as such are not liable to the process of garnishment to subject funds in their hands due a contractor for constructing and improving buildings for the asylum.

May 7, 1890.

Garnishment. Officers. Before Judge MEYERHARDT. City court of Floyd county. September adjourned term, 1889.

The plaintiff sold to the defendant certain building material which was used by him under his contract with the board of trustees of the asylum for the deaf and dumb, in improving and constructing buildings for that asylum. After the work was completed, there was a balance due by the trustees to the defendant under his contract. The plaintiff brought suit against the defendant on an account for the material he had so sold, and caused process of garnishment to be served upon the trustees of the asylum, who answered admitting their indebtedness to the defendant, and stating that the asylum belongs to and is supported by the State, which furnishes all the funds expended for its maintenance, and whose agents the trustees are. The defendant moved that the court dissolve the garnishment, for the reason that the garnishees are agents for the State, and that as such they are not subject to the process. This motion was sustained, and the plaintiff excepted. A general judgment in his favor against the defendant was rendered,

W. T. CHENEY, for plaintiff.

J. F. HILLYER, for defendant.

SIMMONS, Justice.

Under the facts of this case, the trial judge did not err in dissolving the garnishment and dismissing the

same against the trustees for the asylum.    These trustees were officers of the State. Code, §73.    The money which they had in their hands belonged to the State, and they held it as its officers.    Officers of the State having money in their hands to which individuals are entitled, are not liable to the creditors of those individuals to the process of attachment, garnishment and the like.    Divine v. Harvie, 18 Am. Dec. 194, and note, p. 200; 1 Freeman on Judg. §132; 2 Wade on Attachment, §418; Drake on Attachment, §512.    In the case of Buchanan v. Alexander, 4 How. (U. S.) 20, the court said: "So long as money remains in the hands of a disbursing officer, it is as much the money of the United States as if it had not been drawn from the treasury.    Until paid over by the agent of the government to the person entitled to it, the fund cannot, in any legal sense, be considered a part of his effects."

*Judgment affirmed.*