LEWIS IRWIN *vs.* A. MCKECHNIE.

Argued June 19, 1884. Affirmed July 10, 1894.

58 145,
58 473!

58 145
s26LRA 218
108Wis 186

No. 8747.

**Receivers may be garnished.**

An indebtedness incurred by the receivers of a railway company, appointed by the federal court, while operating the road under the authority of the court, may be garnisheed in a state court.

**But executory process cannot issue against them.**

But no executory process can be issued against the receivers on the judgment rendered therein. It can only be satisfied, as other demands are satisfied, by an application to the court in which the receivership proceedings are pending for an order directing its payment.

Appeal by garnishees, Thomas F. Oakes, Henry C. Payne and Henry C. Rouse, from an order of the District Court of Ramsey County. *J. J. Egan,* J., made September 30, 1893, denying their motion to be discharged without making disclosure.

The plaintiff, Lewis Irwin, brought this action in the District Court of Ramsey County against A. McKechnie, defendant, upon a promissory note and claimed judgment for $145.60.   He at the same time caused the proper affidavit to be made and filed to garnish the appellants.   They were on August 15, 1893, appointed by the United States Circuit Court for the Eastern District of Wisconsin receivers of the property of the Northern Pacific Railroad Company with power to operate the road.   They appeared specially by their attorney and moved to be discharged from garnishment on the grounds that the State court had no jurisdiction over them; that any indebtedness due from them to McKechnie was due from them as such receivers and not otherwise; and on the ground that they were not personally indebted to McKechnie.   After argument the court denied the motion.   The garnishees appeal.

*John H. Mitchell Jr.,* and *Tilden R. Selmes,* for appellants.

The money sought to be garnished being in the hands of Thomas F. Oakes, Henry C. Payne and Henry C. Rouse in their capacity as receivers of the Northern Pacific Railroad Company was *in custodia*

*legis* and not subject to levy or garnishment. *Lord* v. *Meachem*, 32 Minn. 66; *Columbian Book Co.* v. *DeGolyer*, 115 Mass. 67; *Commonwealth* v. *Hide & L. Ins. Co.*, 119 Mass. 155; *Brooks* v. *Cook*, 8 Mass. 246; *Thayer* v. *Dudley*, 3 Mass. 296; *Barnes* v. *Treat*, 7 Mass. 271; *Colby* v. *Coates*, 6 Cush. 558; *Weaver* v. *Davis*, 47 Ill. 235; *Oppenheimer* v. *Marr*, 31 Neb. 811; *Pace* v. *Smith*, 57 Tex. 555; *Willard* v. *Decatur*, 59 N. H. 137; *Bowler* v. *European &c. Ry. Co.*, 67 Me. 395; *Voorhees* v. *Sessions*, 34 Mich. 100; *Cook* v. *Rogers*, 31 Mich. 391; *Tremper* v. *Brooks*, 40 Mich. 333; *McDougal* v. *Board of Supervisors*, 4 Minn. 184; *Marine Nat. Bank* v. *Whiteman Paper Mills*, 49 Minn. 133; *In re Mann*, 32 Minn. 60.

*Ambrose Tighe*, for respondent.

The question before the court is not, whether property in the hands of receivers as such is subject to garnishment process, but rather, are the receivers of a railroad corporation who are operating the property and, in doing so, making contracts and incurring liabilities, all under permission and direction of the court appointing them, subject to garnishment process on account of moneys due from them for liabilities they have incurred while so operating the property. 1878 G. S. ch. 66, §§ 164, 169.

The courts by a species of judicial legislation have grafted two exceptions on the law: (1) Public corporations, on the ground of convenience and to prevent the interruption of public business. *McDougal* v. *Board of Supervisors*, 4 Minn. 184. (2) Certain officers of the courts in respect to funds in their hands the distribution of which is subject to the court's direction, such funds being considered *in custodia legis*. A receiver is not subject to garnishment process on account of any debt contracted by the insolvent prior to the receiver's appointment. The original creditor could not sue the receiver on such a claim, and there is no reason why some creditor of the original creditor should be allowed to do so under the form of a garnishment. But the moneys here sought to be held are not moneys due from the receivers on account of a debt contracted by the insolvent, but moneys due from the receivers on account of a debt contracted by themselves in the operation of the property in their hands. *Oppenheimer* v. *Marr*, 31 Neb. 811.

The receivers of a railroad in operation are not like the receivers of an ordinary insolvent. In the text books the law of Railroad Receiverships is a subject by itself, treated apart from the theme of Receiverships in general.

These receivers are amenable to all the liabilities which attach to a railroad company in the operation of its business. They may be sued, if appointed by a United States court, in any court having jurisdiction without leave first obtained. Removal Act of March 3, 1887, 24 U. S. Stat. 554, § 3; Laws 1893, ch. 54.

They may be sued for personal injuries received by passengers, for a breach of the usual duties of a common carrier, on liabilities imposed by statute on railroad corporations, for taking real property without compensation, for the rent of leased lines. *Meara's Adm'r* v. *Holbrook,* 20 Ohio St. 137.

A garnishment proceeding is the institution of a suit against the garnishee as defendant. *Wallace* v. *Blanchard,* 3 N. H. 395; *Ingraham* v. *Oclock,* 14 N. H. 243; *Middleton Paper Co.* v. *Rock River Paper Co.,* 19 Fed. Rep. 252; *Whitman* v. *Keith,* 18 Ohio St. 134; *Malley* v. *Altman,* 14 Wis. 22.

MITCHELL, J. The garnishees were appointed, by the United States Circuit Court for this district, receivers of the Northern Pacific Railway Company, and while operating its road under the authority of that court became indebted to the defendant for labor and services. The plaintiff, having a cause of action against the defendant for money due on contract, brought an action for its recovery, and sought therein to garnishee in the hands of the receivers the money due from them to the defendant. No question is made, nor could well be, but that, under the "removal act" of March 3, 1887, the receivers are subject to suit in respect to any transaction of theirs in operating the road; the only point made being that the money sought to be reached was *in custodia legis,* and hence not subject to garnishment.

No one will question the correctness of the proposition that property in the hands of receivers appointed by the court is *in custodia legis,* and not subject to levy or garnishment. This doctrine receives additional force in this case from the rule of judicial comity

between state and federal courts by which each will refuse to interfere with property in the custody of the other,—a rule which we are always solicitous to observe. But in this case it will be noticed that what is sought to be reached by garnishment is the property, not of the railway company, but of the defendant, viz. a debt due him from the receivers.

Moreover, while garnishment of a debt is often called a mode of attachment, yet it does not effect a specific lien on any property of the garnishee, such as is acquired by the actual seizure of property. The effect of the judgment is merely to determine the existence and amount of the debt, and to substitute the plaintiff for the defendant as the person to whom it is payable. The judgment against the receivers would not be against them personally, but against them officially. No executory process could be issued on it, for that would interfere with the control of the property in the custody of the federal court. The manner in which the judgment so rendered shall be paid must be under the exclusive control of that court. It can only be satisfied as other demands may be satisfied, viz. by an application to the court in which the receivership proceedings are pending for an order directing its payment in the due order of the settlement of the affairs of the insolvent company by that court.

Under the "removal act" the defendant himself could have sued the receivers, and recovered judgment, and we are unable to see why the plaintiff may not, through garnishee proceedings, recover judgment against them for the same claim, or why a judgment in his favor interferes with property in the custody of the federal court any more than would a judgment in favor of the defendant for the same claim. We understand that the order of the court appointing these receivers is even broader than the statute, and authorizes suit to be brought in any court of competent jurisdiction on claims against the company which accrued before the receivership, as well as those subsequently incurred by the receivers. We only refer to this as showing that the federal court does not consider such suits as at all interfering with its jurisdiction over the receivership or with the property in its custody. In view of the fact that the receivers of railway companies, as ancillary to winding up the insolvent estate for the benefit of creditors, are authorized to operate the

road in lieu of the directors,—sometimes for years,—any other rule would work great injury, and would often leave the creditors of the employés of the receivers remediless. There is nothing in the point that the indebtedness of the receivers is only contingent. The indebtedness is absolute; the only contingency is as to their ability to pay.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 987.)