## GLOVER, receiver, *v.* THAYER.

A receiver appointed by a Federal court can not, without leave first obtained from that court, be called upon in another jurisdiction to answer a suit instituted against him by a judgment creditor of another person for the purpose of subjecting to the payment of such judgment a sum alleged to be due by such receiver to such other person.    There is no such privity between such receiver and such judgment creditor as will enable the latter to maintain his action ; and even if there were, the suit does not relate to any act or transaction of the receiver in connection with the property committed to his care, in respect of which he is liable under the act of Congress to be sued without leave of the court appointing him.

Argued June 24, — Decided July 20, 1897.

Equitable petition.    Before Judge Gober.    Cobb superior court.    November term, 1896.

On July 23, 1895, Elisha Thayer filed his petition against the North Georgia Telegraph Company, a corporation of this State, and J. B. Glover, receiver of the Marietta and North Georgia Railway Co., under appointment of the circuit court of the United States for the northern district of Georgia.    The petition was brought to the superior court of Cobb county. It prayed for injunction, for receiver of the properties of the telegraph company, and for general relief.    The telegraph company filed an answer on August 1, 1895.    On August 13, 1895, Glover, receiver, filed a protest against the court assuming jurisdiction over him, and a motion to dismiss the petition as to him; subject to which he demurred to the same.    He also filed his answer on the same day.    In the next November the court appointed a permanent receiver as prayed in the petition; and in the following January the plaintiff filed an amendment striking all the prayers of his original petition except the prayer for general relief and process; which amendment was allowed over objection of Glover, receiver, to which ruling he excepted.    He renewed his demurrer, and added other grounds thereto; but the court overruled it, and to this ruling also he excepted.

The petition alleges, that the telegraph company owns a telegraph-line along the Marietta & North Georgia Railway, from Marietta through the counties of Cobb, Cherokee, Pickens, Gilmer and Fannin to the town of Blue Ridge, thence along

line of said railway to the line between Georgia and Tennessee, thence to Knoxville, Tenn.; also from Blue Ridge along what is known as the Murphey branch of said railroad to the line of Georgia and North Carolina; also from that line to Murphey, N. C. It also owns in this State telegraph fixtures, poles, batteries, instruments, etc., in the several towns along its lines. At the March term, 1893, of Cobb superior court, plaintiff recovered judgment against the telegraph company for $7,325, with interest from August 21, 1891, which is unsatisfied, no part of it having been paid. Because of the peculiar character of the property of said company, it is impossible for him to enforce his judgment against it advantageously, for the reason that a sheriff would not be authorized to sell property out of his own county, which would necessitate selling said property in sections and parcels. The only way in which the property can be sold advantageously is to have the entire line in this State sold as a single parcel; it is not valuable except as an entirety, and will not bring anything like its value if sold in sections. The company is insolvent; it has not sufficient assets to pay plaintiff's debt; and it is important that the same be administered to the best advantage possible, in order that he may receive as large a sum as possible on his claim. The properties of the company are in the hands of Glover, receiver, he having had the use and benefit of the same since his appointment in January, 1891. The railway company of which he is receiver has no interest or title in the telegraph-line or any of said properties, but they belong separately and distinctly to the telegraph company. Glover has used them during said years without having paid for the use or rental thereof; his possession is without any right, either on part of himself or as representing the railway company. Some effort was made between the authorities of the telegraph company and the receiver to agree upon a rental for the use of the property, but the same failed without having arrived at any adjustment; and the receiver has remained in possession without a rental having been fixed or agreed on. A reasonable rental of the entire lines, together with instruments, fixtures, etc., is from $50 to $100 a month. The receiver should be required to account

for the use of said line during said years, and the same, or so much thereof as may be necessary, should be applied to the payment of plaintiff's debt. Discovery is waived.

The grounds of the original demurrer are: (1) No equity entitling plaintiff to the remedies for which he prays. (2) This court has no right or power to interfere with the possession of defendant as receiver of the United States court. (3) Plaintiff's proper remedy, if he has any right, is to intervene in the case in which defendant was appointed receiver.

The allegations of the amendment allowed over objection are, that Glover as receiver of the railway company has used and operated the telegraph properties from January, 1891, to October, 1896, and is indebted to the telegraph company for such use $100 per month, which is a reasonable compensation for the same; that he has not paid in any way for such use.; and plaintiff prays that judgment be rendered against him for said amounts in satisfaction of said rentals, and that such judgment when rendered and collected be applied as a credit on plaintiff's judgment. Further, that the telegraph company admits the indebtedness of the receiver to it for said rental, and has filed its cross-petition in this case, asking a judgment therefor; and plaintiff concurs in said answer and petition of the telegraph company, and prays that judgment be had for all indebtedness of the receiver to the telegraph company, and that said fund be brought into court and, under proper order, applied to plaintiff's debt. Discovery is waived.

The added grounds of demurrer are: (1) The court has no jurisdiction to try the title to property held by defendant as receiver of the United States circuit court; and the recovery of rent from said receiver necessarily involves the title to the property and the question of his right or authority to hold or manage the property; no leave from said court to bring such suit being alleged. (2) Plaintiff has no right to recover for the use and occupation of property title to which is alleged to be in a third person, to wit the telegraph company. (3) Misjoinder of parties defendant.

*Alexander & Victor Smith* and *Glenn, Slaton & Phillips*, for plaintiff in error. *Clay & Blair*, contra.

Simmons, C. J.  It appears from the record, that the Marietta & North Georgia Railway Company was placed in the hands of a receiver on a bill filed in the circuit court of the United States for the northern district of Georgia.  It also appears that the North Georgia Telegraph Company went into the possession of the receiver under the authority of the United States court.  Thayer sued the telegraph company and obtained a judgment against it.  This judgment not being paid, he filed his suit in the State court against the receiver of the railway company, alleging that the telegraph company was indebted to him on the judgment, that the receiver was indebted to the telegraph company for the rental of its lines, the rental value being $100 per month; and praying a judgment against the receiver for the amounts which he alleged were due by the receiver to the telegraph company, and that these amounts be paid into court and be entered as a credit upon his judgment against the telegraph company.  To this petition the receiver, Glover, demurred upon the grounds set out in the official report.  The court overruled the demurrer, and Glover excepted.

Without discussing all of the grounds of the demurrer, we think that the court erred in not sustaining it on at least two of them.  Under the facts above stated, we think that Thayer could not maintain this action against Glover.  He had a judgment against the telegraph company, and alleged that the receiver was indebted to that company for the use of their line, instruments, etc., and seeks to reduce this unliquidated demand to judgment and to have it applied to the payment of his judgment against the telegraph company.  Leaving out of consideration the question of the court's jurisdiction, we think that Thayer might, by proper allegations, have reached this debt by an equitable garnishment, but this he did not attempt to do.  His petition can not be treated as an effort equitably to garnish the debt alleged to be due by Glover, the receiver, to the telegraph company.  It would, for that purpose, be insufficient, and indeed it shows clearly that it was not intended as a proceeding in garnishment at all.  Treating it then as simply an equitable petition to subject to the payment of his judgment the sum alleged to be due by the receiver to the tele-

graph company, we are of the opinion that there is no such privity between the receiver and Thayer as will enable the latter to maintain this action. The fact that he has a judgment against the telegraph company does not give him a right to reduce to judgment the claims of that company and to appropriate the proceeds to the payment of his judgment.

Even were this not true, the suit instituted by Thayer can not be maintained. The 3d section of the act of Congress of March 3, 1887, as corrected by the act of August 13, 1888, provides "that every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with this property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice." Except in so far as allowed by this act, no suits whatever can be maintained against a receiver appointed by a United States court, without the previous leave of the court in which he was appointed. In the present case it does not appear that such leave was obtained from the court appointing Glover, nor do we think this suit relates to any act or transaction of the receiver in connection with the property committed to his care, in respect of which he is liable under the acts of Congress above mentioned. In the case of *Hollifield* v. *Wrightsville & Tennille R. R. Co.*, 99 *Ga.* 365, it was decided that by suit in a State court, without leave of the Federal court appointing a receiver, the question of such receiver's right or authority to hold or manage the property committed to his charge can not be raised. In the present case the right to recover rent on the property of the telegraph company necessarily involves the right or authority of the receiver to hold or manage such property. He appears to have gone into possession immediately after his appointment and by authority of the order appointing him, and the present suit was instituted in respect of this possession and not in respect of such act or transaction of the receiver in carrying on the business as is covered by the act of Congress. It

can not, therefore, be maintained without leave of the United States court first had and obtained. The receiver having possession of the property of the telegraph company by authority of the court appointing him, to grant the prayer of this petition would be to take out of the hands of the receiver the funds arising from the operation of the telegraph-line and to distribute them through the State court; and for the reasons given above, we think that the demurrer of the receiver should have been sustained.

*Judgment reversed. All the Justices concurring.*