### 6569. LAMB, receiver, *v.* WHITMAN.

WADE, J. 1. The question of venue was not raised at the trial of the case, and the answer of the garnishee gave the court jurisdiction.

2. "Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed." United States Judicial Code, § 66. This section "was intended to place receivers upon the same plane with railroad companies, both as respects their liability to be sued for acts done while operating a railroad and as respects the mode of service." Eddy *v.* Lafayette, 163 U. S. 456, 464 (16 Sup. Ct. 1082, 41 L. ed. 225).

3. "A garnishment proceeding is a distinct suit against a separate party, and for an entirely new cause of action." *Dent* v. *Dent,* 118 *Ga.* 853 (45 S. E. 680). See also *Ahrens & Ott Co.* v. *Patton Co.,* 94 *Ga.* 247 (21 S. E. 523). "An indebtedness incurred by the receivers of a railway company, appointed by the Federal court, while operating the road under the authority of the court, may be garnisheed in a State court." Irwin *v.* McKechnie, 58 Minn. 145 (59 N. W. 987, 26 L. R. A. (N. S.) 218, 49 Am. St. R. 495). See also *Glover* v. *Thayer,* 101 *Ga.* 824, 827 (29 S. E. 36)—obiter. Section 5485 of the Civil Code, providing immunity from process of garnishment for a receiver appointed by a court of equity, does not apply to a receiver appointed by a Federal court of equity having jurisdiction within this State, as to indebtedness arising in the operation of the road, since the statutes of the United States are paramount, and the extent and scope of the liability of a receiver appointed by the United States courts can not be circumscribed by State legislation.

4. The court did not err in overruling the motion to dismiss the garnishment, and the motion to reopen and set aside the verdict and judgment.

*Judgment affirmed.*

DECIDED JANUARY 10, 1916. REHEARING DENIED FEBRUARY 28, 1916.

Garnishment; from city court of Waycross—Judge McDonald. April 2, 1915.

*Bolling Whitfield, J. L. Sweat,* for plaintiff in error.

*Parks & Reed,* contra.