### 7613. LAMB, receiver, *v.* WHITMAN.

The court did not err in directing that the fund raised by the garnishee from the sale made under the agreement between himself and the plaintiff in the garnishment be paid to the clerk of the court, to be applied to the plaintiff's judgment. The court had jurisdiction to direct this disposition of the fund although the garnishee was a receiver appointed by the Federal court and the property sold came into his hands as such.

DECIDED NOVEMBER 22, 1916.

Petition; from city court of Waycross—Judge McDonald. May 22, 1916.

*Bolling Whitfield, J. L. Sweat, Brandon & Hynds,* for plaintiff in error. *Parks & Reed,* contra.

HODGES, J. Pending an appeal taken by the plaintiff in error in this court from the original judgment distributing the fund under garnishment, the parties to the case entered into the following agreement: "It is consented and agreed by and between counsel for the plaintiff and garnishee in above-stated case that said garnishee do now proceed to advertise for sale on the first Tuesday in July next that certain carload of hay shipped in car N. Y. C. 105331, order notify Whitman Commission Company, Waycross, Georgia, by J. L. Shultz & Company, Skaneateles, N. Y., and refused by the said Whitman Commission Company, held in possession by said garnishee and stored in the Farmers Warehouse in the City of Waycross, and, upon selling same for cash at public auction

before the court-house door of Ware county, Georgia, on said day of sale, after deducting and paying the storage charges of the Farmers Warehouse Company, together with all expenses incident to such sale, including the cost of advertising, that the balance of the proceeds of such sale be deposited by said garnishee in the First National Bank of Waycross, and that the same be held in lieu of said carload of hay, subject to the judgment heretofore rendered in said case, and to be applied in accordance with the further and final direction of the court in the premises." The original judgment in the case was in favor of Whitman, and directed that out of the fund the garnishee, Lamb, receiver for the railroad company, be paid the amount of certain claims for freight, demurrage, storage, and other charges against the carload of hay sold. This judgment was affirmed by this court in the case of *Lamb* v. *Whitman,* 17 *Ga. App.* 687 (87 S. E. 1095). Under the agreement recited above, the unsold carload of hay in the hands of the garnishee was sold, and the fund arising from the sale was placed on deposit in the bank named in the agreement, to the credit of the custodian agreed upon by the parties. It appears from the record that the garnishee has now in his hands the amount arising from the sale of another carload of hay, in addition to the sum held by the custodian, and that the garnishee refuses to pay Whitman the amount awarded him by the judgment. This fund in the hands of the custodian under the agreement is within the jurisdiction of the court, and the court has plenary power over its distribution. The judgment excepted to provided that the custodian pay to the clerk the sum in his hands, and that the clerk, after paying the costs of the proceeding, pay the balance to Whitman as a credit on the amount of the judgment already rendered against the garnishee.

No error was committed by the trial judge. The question of jurisdiction is controlled by the United States Judicial Code, § 66. This section "was intended to place receivers upon the same plane with railroad companies, both as respects their liability to be sued for acts done while operating a railroad and as respects the mode of service." Eddy v. Lafayette, 163 U. S. 456, 464 (16 Sup. Ct. 1082 41 L. ed. 225). The proceeding is simply ancillary to the judgment originally rendered in the case. The court does not grant equitable relief, in a legal sense, in enforcing such an agreement made in a pending case. From the terms of the agreement

the right to sell the property arose, and the law will not permit the garnishee, who acted on the agreement, to question the right of the court to enforce it.            *Judgment affirmed.*