### 11371.  HINES, director-general, v. MINOR.

JENKINS, P. J.  1. Officers of the United States and of the several States, by virtue of the sovereignty of such governments and on grounds of public policy, are not subject to garnishment as to monies or other properties in their official possession or control, in the absence of express legislative authority clearly evincing the intention to subject them to such proceeding.  Buchanan v. Alexander, 4 How. 20 (11 L. ed. 857); *Wilson* v. *Bank of Louisiana*, 55 *Ga.* 98; *O'Neill* v. *Sewell*, 85 *Ga.* 481 (11 S. E. 831); 12 R. C. L. 841, 842.

2. Under the act of Congress of March 21, 1918 (U. S. Comp. Stat. 1918, U. S. Comp. Stat. 1919, § 3115¾ j), defining the liabilities of carriers while under Federal control, and providing that " actions at law or' suits in equity may be brought by and against such carriers and judgments rendered as now provided by law, and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government.  .  .  .  But no process, mesne or final, shall be levied against any property under such Federal control," it was the manifest intent of Congress to subject such carriers to actions, suits, and other judicial process, except in so far as such process should be in fact or effect " levied against any property under such Federal control." Dantzler Lumber Co. v. Texas & P. R. Co., 119 Miss. 328 (80 So. 770; 4 A. L. R. 1669, and notes); Louisville & N. R. Co. v. Steele, 180 Ky. 290 (202 S. W. 878); Irwin v. McKechnie, 58 Minn. 145 (59 N. W. 987, 26 L. R. A. 218, 49 Am. St. Rep. 495); Moore v. Atchison, T. & S. F. R. Co, 106 Misc. 58 (174 N. Y. Supp. 60); LeClair v. Montpelier & W. R. Co., 93 Vt. 92 (106 Atl. 587).

3. Since garnishment, while in a sense a proceeding *in rem* to extinguish the right of a defendant in the monies or properties sought to be subjected, which in some cases may result in a distribution thereof among creditors of the defendant (Park's Code, § 5290), is *in effect*, as regards the garnishee, primarily only an action or suit *in personam* by the defendant, brought in the plaintiff's name against the garnishee, ancillary to the main action at law between the plaintiff and the defendant, and is not in effect a " levy " until the actual payment or delivery to the court or judicial officer of the monies or properties after judgment against the garnishee, the carrier was subject to such initial process, and to entry of judgment if indebted.  The act of Congress in question merely postponed or suspended the enforcement of such judgment against the garnishee on property actually held under Federal control during the period of such control.  *Lamb* v. *Whitman*, 17 *Ga. App.* 687 (87 S. E. 1095); *Dent* v. *Dent*, 118 *Ga.* 853 (45 S. E. 680; Postal Telegraph Cable Co. v. Call, 167 C. C. A. 178 (255 Fed. 850); Dantzler Lumber Co. v. Texas & P. R. Co., 119 Miss. 328 (80 So. 770, 4 A. L. R. 1669); 12 R. C. L. 776, 777, 842; 2 Bouvier's Law Dict. (Rawle's 3d revision) 1334, 1335.

*Judgment affirmed.  Stephens and Hill, JJ., concur.*

DECIDED FEBRUARY 15, 1921.

Certiorari; from Bibb superior court — Judge Mathews. January 22, 1920.

*W. R. Nisbet,* for plaintiff in error.

*Walter DeFore, James C. Estes,* contra.