13056.   CONSOLIDATED GROCERY CO. *v.* BUGG, receiver.

STEPHENS, J.   1. " Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed." U. S. Judicial Code, § 66.
2. An indebtedness due by a receiver, appointed by a United States district court for a railroad corporation, to an employee, for services rendered to the receiver in carrying on the business of the railroad, is a " transaction of [the receiver] in carrying on the business connected with "

the railroad property, and in respect of which he may be sued in a State court without the previous leave of the court in which he· was appointed. It follows, therefore, that a garnishment proceeding instituted in a State court against such a receiver, in so far as it subjects to process of garnishment any indebtedness due by the receiver to an employee for services rendered to the receiver during the receivership, in carrying on the business connected therewith, is such a suit as may be, under the above-quoted act of Congress, be instituted against the receiver. *Lamb* v. *Whitman*, 17 *Ga. App.* 687, 87 S. E. 1095).

3. The receiver, as garnishee, having admitted in the answer to the summons of garnishment an indebtedness to the defendant for services performed by the latter in carrying on the business of the railroad company while under the control of the receiver, the trial judge erred in sustaining the plea of the garnishee setting up an exemption from process of garnishment upon the ground that the receiver, having been appointed by a district court of the United States, was not subject to garnishment in the courts of the State of Georgia without the previous leave of the court in which such receiver was appointed; and the judge of the superior court erred in overruling the certiorari by which the plaintiff in garnishment sought to review this judgment.

*Judgment reversed. Jenkins, P. J., concurs.*

DECIDED JULY 24, 1922.

Certiorari; from Ben Hill superior court — Judge Gower. October 19, 1921.

Application for certiorari was made to the Supreme Court.

*A. J. & J. C. McDonald,* for plaintiff.

*Brandon & Hynds, Crum & Jones, Wall, Grantham & Kassewitz,* contra.