## CITY BANK AND TRUST COMPANY *v.* CRAWFORD.

ATKINSON, Presiding Justice. 1. "The salary of one employed in a governmental department of this State is not subject to the process of garnishment; nor can a State official be required to answer to such a process. The same policy which prohibits garnishment in such cases will prevent a creditor from reaching the salary by enjoining its collection by the employee and obtaining payment to the creditor through a receiver." *Herrington* v. *Wimberly*, 177 *Ga.* 536 (170 S. E. 670) ; Code, § 37-103. The foregoing rests on the principle of non-interference with proper administration of governmental institutions, and applies with equal force to employees of trustees under appointment by the Federal court, operating a railroad which is in the hands of the court. If creditors were allowed to seize wages of the employees, such practice could so interfere with the administration as to disrupt the business being conducted under supervision of the court.

2. The judge did not err in sustaining the general demurrer and dismissing the action. *Judgment affirmed. All the Justices concur.*

No. 13967. MARCH 10, 1942.

544

*John J. McCreary* and *D. L. Churchwell,* for plaintiff.
*Frank G. Wilson, James C. Estes,* and *W. Horace Vandiver,* for defendant.