## 51113. HOLDER v. CITIZENS & SOUTHERN NATIONAL BANK.

PANNELL, Presiding Judge.

Holder, as administrator with the will annexed of the estate of Viola E. Holder, deceased, brought an action against the Citizens & Southern National Bank, in which funds of the estate were deposited, seeking to recover the amount of the money paid from said funds by the bank in response to the garnishment against it and the judgment against it in a garnishment proceeding by a creditor of the deceased brought after a judgment was obtained by the creditor against the administrator. The trial judge sustained a motion for summary judgment by the bank. The administrator appealed. *Held:*

"A garnishment proceeding is a distinct suit against a separate party, and for an entirely new cause of action." *Lamb v. Whitman,* 17 Ga. App. 687 (87 SE 1095); *Kiser v. Kiser,* 101 Ga. App. 511 (2) (114 SE2d 397). "A garnishing proceeding makes a case separate and distinct from that in aid of which it is instituted. It involves different parties, different issues, and a different cause of action; it requires a special place on the docket, and a separate trial on the merits; and, where instituted in aid of a pending action, it can not be tried until the main case is disposed of by a final judgment." *Jones v. Maril,* 19 Ga. App. 216 (1) (91 SE 445).

However, unless authorized by statute, garnishment proceedings may not be instituted against a government

or governmental agency (*Wilson v. Bank of Louisiana,* 55 Ga. 98 (4); *Hines v. Minor,* 26 Ga. App. 278 (1) (105 SE 851)), or against a trustee appointed by courts. *City Bank &c. Co. v. Crawford,* 193 Ga. 543 (19 SE2d 521); *Nat. Lumber Co. v. Turner,* 2 Ga. App. 750 (2) (59 SE 15); *Cowart v. Caldwell Co.,* 134 Ga. 544 (1) (68 SE 500, 24 AB 546).

Exceptions have been made as to the issuance of a garnishment against an executor or administrator in some instances. Code § 46-204 permits the issuance of a garnishment against an administrator or executor for the interest of a legatee or distributee under the circumstances therein enumerated. Code § 46-205 is another section in relation hereto which reads: "In every case a garnishment may be issued against an executor or administrator for a legacy or distributive share, or for any debt or demand owing by the estate to any other person, if the creditor shall swear, in addition to the oath required in ordinary cases, that his debtor resides without the State or is insolvent." See also Code § 46-302.

The administrator of the estate contends that the general prohibition applies to the situation in the present case and that the exceptions in these Code sections also apply and that, therefore, a garnishment proceeding such as that in the present case is prohibited unless the exception in these Code sections is met.

The basic prohibition as to the bringing of a garnishment proceeding against an executor or administrator and the exceptions in these Code sections relating thereto apply only to instances where the estate owes a party against whom a creditor is seeking to collect a debt, and a summons of garnishment is issued against the administrator or executor of the estate. Neither the general prohibition nor the exceptions apply to instances where a creditor of the estate brings a garnishment proceeding against the estate to collect the debt owed by the estate to the creditor.

We, accordingly, hold that where as in the present case, a creditor of a deceased person has secured a judgment against the administrator of the deceased's estate, a garnishment proceeding against a bank in which funds of the estate are deposited, based upon such

judgment, is valid; and the funds in the hands of the bank are subject thereto, and the bank, upon judgment against it, properly paid the funds to the attorneys for the plaintiff creditor in settlement of such judgment.

That the bank in the present case disbursed more funds than required, which excess was recovered by the administrator in the court in which the garnishment was pending, does not affect the validity of the garnishment proceedings.

In an action brought by the administrator in the present case to recover the funds actually paid in satisfaction of the garnishment judgment, there was no error in granting summary judgment for the defendant bank.

*Judgment affirmed. Clark and Webb, JJ., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED NOVEMBER 7, 1975 — REHEARING DENIED NOVEMBER 25, 1975 —

*Hill, Jones & Farrington, Joseph Jones, Jr.,* for appellant.

*Alston, Miller & Gaines, James S. Stokes, IV,* for appellee.