No. 44.—HENRY STRICKLAND, plaintiff in error, *vs.* POSEY MAD-
DOX, defendant in error.

[1.] The traverse of the answer of a defendant in Garnishment, is not a collate-
ral issue, and may be appealed from by either party, who may be dissatisfied
with the verdict of the Jury, as matter of right.

Motion to dismiss an appeal in Cherokee Superior Court, be-
fore Judge WRIGHT.

This was an appeal from the Inferior to the Superior Court,
of Cherokee County, from a verdict rendered upon an issue join-
ed on a return to a summons of Garnishment.

The presiding Judge dismissed the appeal, on the ground that
it was a collateral issue, from which an appeal, as matter of right,
did not lie ; to which decision, plaintiff in error excepted.

W. H. UNDERWOOD & T. H. TRIPPE, for plaintiff in error.

W. AKIN, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

The plaintiff in execution sued out a summons of garnishment
against one Posey Maddox, who answered, that he was not in-
debted anything to the defendant in execution. The plaintiff in
execution traversed the answer, and the issue was submitted to a
Jury who found for the defendant in garnishment. From this ver-
dict the plaintiff in execution entered an appeal, which was dis-
missed by the presiding Judge, upon the ground that an appeal
does not lie in such a case, because the issue formed is a collateral
issue. To that decision plaintiff excepts, and the question is,
whether, as matter of right, an appeal will lie from the verdict of
a Jury, rendered on a traverse of the answer of a defendant in
garnishment.

[1.] By the 26th Rule of Court, "no appeal shall be allowed
in collateral issues, ordered by the Court; but the Court will, in
its discretion, grant a new trial, upon such terms as shall appear
just and reasonable. But when such collateral issue is tried in
the Inferior Court, and said Court is dissatisfied with the verdict,
they may permit an appeal to the Superior Court, at their dis-

cretion." This issue was tried before the Inferior Court, and no order was taken or asked, directing an appeal. The plaintiff in error insists that this was not a collateral issue, and came not within the rule, and therefore no order permitting the appeal was necessary. So the question returns—did the appeal lie as matter of right? If this was a collateral issue ordered by the Court, then it did not lie—if it was not then it did lie. We think it was not a collateral issue. To what, is it collateral? To what *issue* is it collateral? To none whatever that I can see. The issue between the plaintiff and the defendant to the Judgment, is closed, that is, sealed by the Judgment. There is no longer a contest of any kind between them. One is a creditor and the other a debtor by Judgment. This issue cannot, therefore, be collateral to the proceedings on which the Judgment is founded, or any issue growing out of them. It seems to me to be an original issue. The office of a garnishment is to apply the debt due by a third person to a defendant in Judgment, to the extinguishment of that Judgment, or to appropriate effects belonging to a defendant in the hands of a third person, to its payment. If the defendant in garnishment admits indebtedness, there is no issue formed upon his answer, there is no necessity for one. The garnishment has done its work—its functions are fulfilled—the money or effects are applied by the Court, and there is an end of it. It was argued that the summons of garnishment made an issue with the person summoned, viz : indebtedness or not. That this was the primary issue. And if he denied owing anything, in his answer, then a traverse made up a second issue, as to the truth of his answer, which issue, counsel claimed to be collateral to the first, and which is the issue I am now considering. This reasoning is more specious than solid. The summons makes no allegation of indebtedness. Its office is to call upon the debtor of the defendant in execution, to say upon oath, what, if any thing, he owes him, or what effects he has in his possession, belonging to him. If, as before stated, he answers affirmatively, the process has fulfilled its functions; but if he answers negatively, the law gives the plaintiff in execution the right to traverse his answer. Upon this traverse the issue is formed, and it is the first issue which has grown out of the proceeding. The question which it makes is this : is the defendant in garnishment indebted to the defendant in execution? This is the fact which the Jury are to find af-

Strickland *vs.* Maddox.

firmatively or negatively. I do not see that this issue is collateral to anything. It is original and independent.

A familiar illustration of a collateral issue is, for example, this : A fund is in the hands of the Court, for distribution among conflicting Judgment liens. Upon suggestion that one of them is paid, the Court may order an issue to be made and sent to the Jury to find that fact. The main thing before the Court is the distribution of the fund. Pending the consideration of that matter, a controversy springs up as to the fact, whether a claim upon the fund has been extinguished. The Court has the discretion to submit that controversy to a Jury. If it is submitted, it is a collateral issue. It is collateral to the matter pending, and must be determined before that matter can be adjudicated. The rule I have quoted contemplates just such issues. Such as are preliminary—spring out of the matter in hand—are within the discretion of the Court and are ordered by it. It does not contemplate an issue which is ordered or allowed by law, as matter of right. And this is an issue of that kind. By the act of 1830, the plaintiff at whose instance the summons of garnishment has been sued out,. may make up an issue on the answer of the defendant in garnishment, which shall be submitted to a Jury. *Prince,* 40. *Hotchkiss,* 563. Here is the authority of law for this issue. It is the legal right of the party suing out the summons, to make up an issue, and the statute declares that it *shall be submitted to a Jury.* The Court has no discretion about it. It cannot withhold the issue, nor is any order necessary, unless merely to show by the record, the regularity of the proceeding to make up the issue. The issue is authorised by law, and upon it, the law requires *the verdict of a Jury.* This being settled, I refer to the Judiciary Act of 1799, which authorises an appeal, " *in all cases where a verdict shall be rendered."* The 26th section of that act provides, that in all cases where a verdict shall be rendered, the party in whose favor it may be, shall be allowed to enter and sign Judgment thereon, within four days from the adjournment of the Court, &c. It proceeds to give the right to enter a stay of execution, and then declares, " that in case either party shall be dissatisfied with the verdict of the Jury, then, and in all such cases, either party may, within four days after the adjournment of the Court in which such verdict was obtained, *enter an appeal in the Clerk's Office of such Court, as matter of right."* *Prince,* 426. *Hotchkiss,* 600.

Strickland *vs.* Maddox.

There can be but one construction of this Act, and that is, that in all cases where a verdict of a Jury is required by law to be rendered, when rendered, either party may, as matter of right, enter an appeal. This is one of the cases where an issue is provided by law, where a verdict is required to be rendered, and as we think, where either party is entitled to an appeal as matter of right.

The party having entered his appeal in this case, as by law he had the right to enter it, we think the Court erred in dismissing it, and reverse the Judgment.