Phillips *vs.* Thurber & Company.

---

WILLIAM R. PHILLIPS, plaintiff in error, *vs.* H. K. THURBER & COMPANY, defendants in error.

1. If a garnishee, without objecting to the jurisdiction, submits to answer out of the county of his residence, and within that where his creditor, the debtor in the principal case, resides and is sued, neither the latter, nor a claimant of the fund who has dissolved the garnishment by giving bond and security under the act of 1871, (Code, section 3541,) can urge the garnishee's non-residence, by plea to the jurisdiction, or otherwise, as a means of defeating the garnishment proceeding.

2. On the trial of a traverse, filed by the claimant, to the garnishee's answer, the issue is between the claimant and the plaintiff; the garnishee is no party to that issue, and his declarations are not admissible evidence for the claimant.

3. Bond of the claimant with condition to be void if he shall pay to the plaintiff the judgment which the plaintiff may recover in the suit, with costs, is in substantial compliance with the statute. Such bond, with approved security, dissolves the garnishment; and judgment may be entered thereon, instanter, for the amount admitted in the garnishee's answer to be due from him to the defendant in the principal suit, when there is a general verdict of the jury against the claimant on his traverse of such answer.

Garnishment.    Jurisdiction.    Evidence.    Before Judge HOPKINS.    Fulton Superior Court.    October Term, 1874.

Reported in the opinion.

THRASHER & THRASHER, by brief, for plaintiff in error.

D. F. & W. R. HAMMOND, for defendants.

BLECKLEY, Judge.

After the service of summons of garnishment, a stranger came in, under the act of 1871, (Code, section 3541,) and, as claimant of the fund sought to be reached by the garnishment, filed his bond in substantial compliance with the act. Subsequently the garnishee answered, admitting himself indebted in a specific sum to the defendant in the suit wherein the garnishment issued. The claimant traversed the answer. He also filed a plea to the jurisdiction of the court on the ground that the garnishee was not a resident of the county but of another county. The defendant in the principal case filed a similar plea. Both these pleas were, on motion of the plaintiffs, stricken by the court. The issue formed by the claimant's traverse of the garnishee's answer, was tried, and the jury returned a verdict, generally, in favor of the plaintiffs. Judgment was thereupon entered against the claimant and the sureties on his bond, for the amount admitted in the answer of the garnishee to be due from him to the defendant, his creditor.

1. It was not error to strike the pleas. The garnishee had answered, and thereby waived his privilege of being called to answer only in his own county. He answered in the county where his creditor resided and was sued. He answered to the court in which that suit was pending, and to which the garnishment was returnable. None of the proceedings disclosed the fact that the garnishee was a non-resident, and he took no advantage of that or any other fact to protect himself against the jurisdiction. His non-residence was in no way alleged upon the record until his answer had been on the file some weeks, and then only by the two pleas we are considering. He has made no complaint of the jurisdiction; and we cannot doubt that after he appeared and answered, his non-residence would count for nothing in the subsequent proceedings: Code, section 3461.

2. The garnishee answered that he was indebted to the defendant. The claimant's position was that the garnishee's liability was to him and not to the defendant; for the reason

Phillips *vs*. Thurber & Company.

that the same arose in consequence of the garnishee's having received from the makers of certain negotiable paper, money to pay off said paper, which paper, payable to the defendant and his assigns, had been assigned, before maturity, to the claimant.   It was contended that the garnishee was simply the depositary of a fund to be paid on this paper; and that, as the claimant held the paper by assignment, the money was due to him and not to the defendant.   To support this theory of the case, the claimant, after introducing the paper, offered in evidence certain declarations of the garnishee, made after the service of the garnishment, to the effect that the money was placed in his hands to pay off said paper; that he had no other funds belonging to the defendant; and that, having been garnished, he would hold up the money and let the parties contend for it in court.   The court, on objection to this evidence by the plaintiffs, ruled it out.   These declarations of the garnishee were not admissible evidence.   The Code declares, in section 3542, that the garnishee, upon answering, shall be discharged from all further liability, and the plaintiff's remedy shall be upon the claimant's bond.   The garnishee is allowed to answer, but nothing more.   He cannot, by his mere verbal statements out of court, affect the rights of either party.   There is nothing to prevent him from being examined as a witness; and if the claimant had wanted from him any explanation of the facts and circumstances on which the admissions of the answer were based, that course was open to him.   But upon an issue between other parties, and to which the garnishee is no party, his bare sayings are not to be taken.   See a somewhat similar question in 52 *Georgia Reports*, 562.

3. There was a motion by claimant in arrest of judgment and to set the judgment aside.   In support of these, it is urged that the garnishee's answer was filed after the claimant's bond was given to dissolve the garnishment.   But what of that?   The statute gives the garnishee the right to answer, but does not prescribe that the answer shall not be filed after the claimant has given bond.   But a still more conclusive re-

ply is, that the claimant took no exceptions to the answer as coming too late; but traversed it, thus tendering an issue upon it, which was accepted by the plaintiffs and tried by the jury. Whether the answer was early or late, the claimant litigated its truth; and not until after the issue was found against him, did he suggest that the answer was out of time.

It is urged, also, that the claimant's bond did not dissolve the garnishment, and that no judgment can be rendered on it for that reason. The condition of the bond is not in the words of the statute, but we think there is a substantial conformity. We find no error in any part of the case.

Judgment affirmed.