## CONNALLY *vs.* RICE.

1. Where a judgment was rendered against a garnishee, and he excepted to the refusal to grant a new trial, the writ of error will not be dismissed because he did not join the defendant in execution with him in the bill of exceptions.

(a.) The case is confusedly brought up; there is no brief of evidence in the record; in the bill of exceptions, between the signature of counsel and the judge's certificate, is what purports to be a brief of evidence, badly written, penciled and mixed up; but no motion to dismiss on that ground was made.

(b.) The evidence being conflicting as to whether the garnishee was indebted to the defendant in *fi. fa.*, the jury having found that he was so indebted, and the presiding judge having approved the finding, this court will not interfere.

2. The debt on which the verdict was based being on account of a note given by the garnishee for a license issued to the defendant, which note was paid by the garnishee, the debt was subject to garnishment, and no debt due for wages was involved.

3. The judgment being between the original parties, and neither it nor the execution having been transferred, the plaintiff had a right to it, and proof that another person had an interest in the *fi. fa.* with the plaintiff was immaterial, and was properly ruled out. When the garnishee pays this judgment, he will be protected from any payment again.

December 21, 1886.

Practice in Supreme Court. Garnishment. Evidence. Executions. Before Judge HARRIS. Douglas Superior Court. January Term, 1886.

In February, 1876, Z. A. Rice recovered a judgment against Fred. Aderhold, Jr. On April 4, 1885, a summons of garnishment was served on W. H. Connally. He answered not indebted. The answer was traversed. On the trial, it appeared that Connally kept a retail liquor store; that Aderhold gave to the treasurer of the town of Douglasville a note due one day after date for $150 in order to obtain a license for Connally, the amount of the note being one-half the cost of the license, which was issued March 25, 1885. Aderhold was then working for Connally, and a partnership was contemplated between them, but this was subsequently abandoned. Aderhold settled his note with the treasurer. Connally and Aderhold testified that they had had a settlement between themselves before the summons of garnishment was served, and at that time Connally owed Aderhold nothing. Other witnesses testified that after the service of the summons, Connally admitted the indebtedness to Aderhold, and stated his intention to pay it.

The jury found for the plaintiff against the garnishee, who moved for a new trial on the grounds that the verdict was contrary to law, evidence and the charge of the court; because of newly discovered evidence; and because the court rejected parol testimony to show that Rice did not own any interest in the *fi. fa.* on which the garnishment issued, and therefore could not be afraid of loss. The motion was overruled, and the garnishee excepted.

C. D. CAMP; J. V. EDGE; W. A. JAMES, for plaintiff in error.

B. G. GRIGGS; R. A. MASSEY; J. S. JAMES, for defendant.

JACKSON, Chief Justice.

1. A motion was made to dismiss this case because the garnishee alone could not bring the case here for review, but must join the defendant in execution with him. It cannot be dismissed on that ground; but it is very confusedly brought up. The brief of evidence is referred to as in the record—the case coming up on the refusal of a motion for a new trial, but it is not in the record at all. Something purporting to be the brief, badly written and penciled,—mixed—comes in after the signature of counsel to the bill of exceptions, not referred to at all, or marked as an exhibit to the bill of exceptions, but before the judge's certificate.

On this ground, in all probability, it would have been dismissed had the point been made, but as it was not made ; and as the judgment will be affirmed any way, we will decide the case on its merits, especially as the certificate of the judge comes after the confused brief of evidence.

There is plenty of evidence to support the verdict. The defendant in *fi. fa.* took out a license to retail liquors; the garnishee gave his note for $150.00 to the county treasurer to help pay for his license, and paid the note. The evidence is conflicting whether the garnishee paid it back before the service of the summons of garnishment on him; both garnishee and defendant seem to swear that it was paid by the garnishee before the summons, but their statements, or rather the garnishee's statements to others are directly to the contrary; the jury on the conflict of testimony found for the plaintiff in execution; the presiding judge also sustained the views of the jury, and this court thinks the same way, at least enough so not to interfere with the discretion of the presiding judge.

2. The verdict being on the debt due for the note defendant gave for garnishee's license and paid it for him, is of course subject to garnishment, and this is what the jury found, and not any debt due for wages.

3. The judgment is for Rice, the plaintiff, against Aderhold, the defendant; it is not transferred, nor is the execution. Therefore the plaintiff, Rice, has the right to it, and proof that another had an interest in the *fi. fa.* with Rice was wholly immaterial and properly ruled out. When the garnishee pays this judgment, he will be protected from any payment again.

The case is quite clear, the result right in law, and no error is apparent anywhere to us; therefore it must be affirmed.

Judgment affirmed.