FOSTER *et al. v.* HAYNES.

The debtor (defendant in *fi. fa.*) is not a party to a garnishment which is undissolved; and upon a finding by the jury against the garnishee on the trial of an issue made upon his answer, the debtor has no right to a new trial on his own motion, he not having been made a party to the case by any order of court, and the garnishee acquiescing in the verdict.          *Judgment reversed.*

December 28, 1891.

Garnishment. Parties. Practice. New trial. Before Judge MILNER. Whitfield superior court. April term, 1891.

Foster *et al.* obtained a judgment against J. T. Haynes. Upon this judgment they sued out process of garnishment against Harlan, who answered denying any indebtedness to said Haynes individually, but admitting that he owed him $1,087 for land he had bought from Haynes as executor of his father, Smith Haynes. To

this answer the plaintiffs filed a replication, that while the money which the garnishee owed was due to Haynes as executor of his father, he was one of the heirs and there was more due and coming to him from the fund [than enough] to pay off plaintiffs' debt. Upon the issue thus made the jury found in favor of plaintiffs. The garnishee refused to make a motion for new trial, but Haynes, the defendant, did so, and a new trial was granted. The plaintiffs excepted upon the grounds that when the garnishee, against whom the verdict was rendered and the judgment signed, refused to make a motion for new trial, no other person could do so; and that the verdict and judgment could not affect injuriously the movant.

R. J. & J. McCamy and G. W. Head, for plaintiffs, cited 4 *Ga.* 394; 71 *Ga.* 750; 77 *Ga.* 312; 80 *Ga.* 624.

Maddox & Starr, by brief, for defendant.