## WARLICK *et al. v.* NEAL LOAN AND BANKING CO.

1. A judgment against a garnishee, duly entered, is conclusive as to him that every jurisdictional allegation in the affidavit to obtain garnishment is true.
2. The filing by a defendant of a bond to dissolve a garnishment, different in its terms from the statutory bond for dissolution of a garnishment by the defendant, is no legal obstacle to the entering of a judgment against the garnishee.

Argued July 15, — Decided August 12, 1904.

Motion to set aside judgment.    Before Judge Reid.    City court of Atlanta.    January 4, 1904.

*John L. Hopkins & Sons,* for plaintiffs in error.
*Westmoreland Brothers* and *E. V. Carter,* contra.

Evans, J. On December 7, 1903, there came on to be tried in the city court of Atlanta a case in which C. D. Warlick and others were plaintiffs, and L. D. & A. C. Morris, a partnership, was the defendant.    The trial resulted in a verdict in favor of the plaintiffs, and judgment was entered accordingly.    There then came on to be heard another case, which was a garnishment proceeding against the Neal Loan and Banking Company, as garnishee, instituted by the plaintiffs in aid of the case first above referred to.    The garnishment case was disposed of on the following day by the entering of a judgment against the garnishee, reciting the recovery by the plaintiffs in the other suit, and the

amount of the judgment rendered in their favor, that the garnishee had filed an answer admitting indebtedness to the defendant firm, which answer had not been traversed, that a bond given to dissolve the garnishment was insufficient in law, and that accordingly judgment was rendered against the garnishee. On December 18, 1903, the Neal Loan and Banking Company filed a motion to set aside the judgment against it, which motion was met by both general and special demurrers filed in behalf of the plaintiffs. This motion came on to be heard on the following day, when the plaintiffs pressed their demurrers, but the court reserved its decision thereon and the motion was heard on the merits. On January 4, 1904, the court rendered a judgment overruling the general demurrer, and also overruling certain grounds of the special demurrer. The court at the same time entered a judgment sustaining the motion to set aside the judgment which had been rendered against the Neal Loan and Banking Company as garnishee. To the action of the court in setting aside that judgment, as well as to the overruling of the plaintiff's general demurrer and of the above-mentioned grounds of their special demurrer, they duly excepted. The questions thus presented for our determination will be stated and disposed of in the discussion which follows.

1. The garnishee seeks to avoid a judgment rendered against it, on the ground that the garnishment was sued out and served upon the garnishee before the filing of the main suit upon which the garnishment proceedings were based, and on the further ground that the garnishment had been dissolved, previously to the judgment against it, by the defendants in the main suit giving a statutory dissolution bond. The procedure selected by the garishee to accomplish this result is a motion to set aside the judgment, as provided in the Civil Code, §§ 5362, 5363, 5364. A motion to set aside a judgment must be based upon a defect, not amendable, which appears on the face of the record or the pleadings. *Williams* v. *O'Neal*, 119 *Ga.* 177; *Sweat* v. *Latimer*, Id. 615. The main suit and the garnishment proceeding are separate and distinct. While it is true that the garnishment, where sued out in a pending action, is contingent on the pendency of the action, as a condition precedent, yet where the affidavit and bond have been filed and the summons of garnishment has issued, it

then becomes a proceeding entirely distinct from the main action. Its course is stayed until judgment has been had against the defendant in the main suit; and when this occurs, the garnishment case becomes at once vitalized and active, and the issue, if any, raised by the answer of the garnishee and traverse by the plaintiff is ripe for trial. If the garnishee fails to answer, or admits having assets of defendant, the plaintiff is entitled to judgment. If the proceedings in garnishment are regular on their face, — show jurisdiction of the subject-matter and the person, the garnishee, before judgment, may prove that the averments in the pleadings are untrue, but after judgment he is concluded as to every matter which he might have urged against the entry of a judgment against him. After judgment on the answer of the garnishee, it is too late to move to set aside a judgment based on a proceeding regular on its face, on the ground that the averments in the pleadings, as to jurisdiction, are in point of fact untrue. *Flournoy* v. *Rutledge*, 73 *Ga.* 735; *Phillips* v. *Thurber*, 56 *Ga.* 393. Having had his day in court and failing to avail himself of his defense at the proper time, the garnishee is concluded by the judgment, where that judgment is the result of a proceeding disclosing on the face of the pleadings full compliance with the statutory requirements.

But counsel for the defendant in error contend, that, inasmuch as there was no pending suit at the time the garnishment proceedings were instituted, the entire garnishment proceedings were void, and that on a motion to set aside the judgment in the garnishment case resort may be had to the record in the main suit for the purpose of showing that the allegation in the affidavit for garnishment, that there was a pending suit, is untrue. It is further contended that the main action and the garnishment proceeding are so indissolubly united and associated that the pleadings in both cases really constitute one record. But the record in the main case is not a part of the record in the garnishment case. *Holbrook* v. *Evansville R. Co.*, 114 *Ga.* 1. Mr. Justice Lumpkin, in the case just cited, reasoned that the record of the main action was, with regard to the garnishment proceeding, merely evidentiary and nothing more; that the main action was a separate and distinct suit from the garnishment proceeding, and in no view could be considered as a part of the pleadings, or

record proper, of the garnishment proceeding.   Being no part of the pleadings in the garnishment case, whatever defects the record in the main case may disclose, a motion to set aside the judgment against the garnishee can not be based on such defects. The affidavit upon which the summons of garnishment issued re- cited that there was a pending suit.   In form and in substance, both the affidavit and the bond complied with the statute.   The garnishee's answer admitted assets.   The whole garnishment pro- ceeding showed on its face jurisdiction, both of the person and the subject-matter.   It is the allegations in the pleadings which determine the jurisdiction of the court, and not the truth or falsity of the matters alleged.   *Wilson* v. *A., K. & N. R. Co.*, 115 *Ga.* 180.   So far as the pleadings in the garnishment case dis- closed, every legal prerequisite to a judgment against the gar- nishee appeared, and the court could not have rendered any other judgment than the one which is sought to be set aside.   This being the case, clearly a motion to set aside the judgment can not be maintained by proof of matters not appearing on the face of the record.

2.   It is also urged that the judgment against the garnishee is void because the garnishment had been previously dissolved by the defendant executing a bond in terms of the statute.   The bond filed by the defendant recited that an action was pending in the city court of Atlanta against him for a stated amount, and that summons of garnishment had been sued out and served on the garnishee, and was conditioned to pay the plaintiffs the amount which might be recovered in said action.   The terms and conditions of this bond were different from those prescribed by the Civil Code, § 4718, for the dissolution of a garnishment by a defendant.   The bond filed by the defendant was a good common- law bond, but was not the bond prescribed by the statute, and hence did not prevent the plaintiffs from entering up judgment against the garnishee.   The certificate of the clerk that the de- fendant had filed with him a bond dissolving the garnishment most probably misled the garnishee, and induced its officers to believe that it was eliminated from the controversy.   The mistake of the clerk, for which the plaintiffs were not responsible, can not be relied on by the garnishee to excuse its neglect to make the proper defenses at the right time.

It follows, from what has been said above, that the court below erred in overruling the demurrer to the motion to set aside the judgment against the garnishee; and it is not necessary to consider any of the assignments of error on rulings made by the court during the trial on the merits.

*Judgment reversed.    All the Justices concur.*