20261. MUMFORD *v.* MECHANICS LOAN & SAVINGS COMPANY *et al.*

JENKINS, P. J. A garnishment proceeding is an altogether separate and distinct suit from the original action on which the garnishment is based (*Warlick* v. *Neal Loan & Banking Co.,* 120 *Ga.* 1070, 1071, 48 S. E. 402), and the recovery which may be had on the garnishment bond is such damages as the defendant in garnishment may be entitled to as having been sustained because of the suing out of the garnishment. It is not the policy of the law to give to the defendant a right of action on the bond for any damage which he may have suffered as a result of the previous ordinary suit upon which the garnishment was based. *Leathers* v. *Waters,* 35 *Ga. App.* 757 (2) (134 S. E. 806); *Massachusetts Bonding &c. Co.* v. *United States Conservation Co.,* 31 *Ga. App.* 716 (2), 720 (122 S. E. 728). Accordingly, the instant suit on a garnishment bond, which seeks only to set up damages incurred by the plaintiff in this suit in defending the original suit on which the garnishment was based, was properly dismissed on demurrer.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JULY 19, 1930. REHEARING DENIED SEPTEMBER 6, 1930.

*Charles W. Anderson,* for plaintiff.
*Burress & Dillard,* for defendants.