# COLUMBUS FERTILIZER CORPORATION *et al.* v. INTERNATIONAL AGRICULTURAL CORPORATION.

No. 9718. FEBRUARY 13, 1934.

*Henry D. Gaggstatter,* for plaintiffs in error.

*Slade, Swift, Pease & Davidson,* contra.

ATKINSON, J. The International Agricultural Corporation sued the Columbus Fertilizer Corporation, and garnished the Fire Association of Philadelphia. The garnishee filed an answer denying that it had any money, property, or effects of the defendant in its hands, and denying that any money, property, or effects of the defendant had come into its hands since the date of the service. The garnishee further stated in its answer that it had been informed that certain property belonging to the defendant and purporting to have been covered by a "binder" had been damaged by fire, but that the question of liability under the terms of the policy, and the amount of the loss had not been determined, but was being investigated. The garnishee further stated that it had been furnished with a paper purporting to be an assignment executed by the Columbus Fertilizer Corporation, wherein for valuable consideration the Columbus Fertilizer Corporation had assigned to J. T. Knight & Son Inc. all right, title, and interest in all moneys that might become due from the garnishee to the defendant. The garnishee prayed that it might be protected in the premises. Thereupon the International Agricultural Corporation filed an equitable petition, in aid of its traverse of the answer of the garnishee, charging that the assignment made by the defendant to J. T. Knight & Son Inc. was fraudulent, and praying that it be set aside and canceled, and that the Columbus Fertilizer Corporation and J. T. Knight & Son Inc. be made parties to the cause. This traverse was duly served upon the garnishee; and upon hearing of the rule nisi the court ordered that Columbus Fertilizer Corporation and J. T. Knight & Son Inc. be made parties. On this judgment J. T. Knight & Son Inc. and Columbus Fertilizer Corporation sued out a writ of error, complaining that they were improperly made parties. The sole defendant in error was designated to be the International Agricultural Corporation. A motion was made to dismiss the writ of error, for that reason.

A garnishment proceeding is a separate and distinct suit from the original action on which the garnishment is based. *Warlick* v. *Neal Loan & Banking Co.,* 120 *Ga.* 1070, 1071 (48 S. E. 402);

*Mumford* v. *Mechanics Loan & Savings Co.,* 41 *Ga. App.* 748 (154 S. E. 466). In fact the garnishee is the defendant in case of a traverse, and the judgment on the traverse determines the liability of the garnishee. Therefore when one made a party, in equitable proceedings for the purpose of setting aside assignments and removing obstacles in the way of a judgment against the garnishee, takes out a writ of error complaining of the order making him a party, the garnishee is an essential party to the bill of exceptions. Not having been so made a party, the writ of error must be dismissed. Civil Code, § 6176; *Emanuel Farm Co.* v. *Balts,* 176 *Ga.* 552 (168 S. E. 316). The other ground of motion to dismiss was that the case was brought to the Supreme Court prematurely. No ruling is made on this ground; but see *McMillan* v. *Spencer,* 162 *Ga.* 659 (2) (134 S. E. 921).

> *Writ of error dismissed. All the Justices concur.*