### 47405.   STONE v. PEOPLES BANK et al.

QUILLIAN, Judge. This case arose by the Peoples Bank, holder of a judgment against Marvin Stone, filing a garnishment against Marvin Stone, as defendant, and Mc-Cranie Brothers, as garnishee. The McCranie Brothers filed their answer, showing that they owed the defendant, Marvin Stone, a certain sum. Marvin Stone filed his traverse and objection to the answer of the garnishee, saying that the garnishee was not indebted to him in any sum.

The issue came on to be tried and the jury found in favor of the defendant, Marvin Stone.

The plaintiff, the Peoples Bank, filed their motion for new trial, and their motion for judgment notwithstanding verdict, and the court granted this motion and the appeal is from that judgment. *Held:*

"A garnishment proceeding makes a case separate and distinct from that in aid of which it is instituted. It involves different parties, different issues, and a different cause of action; it requires a special place on the docket, and a separate trial on the merits; and, where instituted in aid of a pending action, it can not be tried until the main case is disposed of by a final judgment. Civil Code (1910), §§ 5269, 5281, 5292; *Hammett v. Morris,* 55 Ga. 644; *Fourth National Bank v. Mayer,* 89 Ga. 108 (14 SE 891); *N., C & St. L. R. v. Brown,* 3 Ga. App. 561 (60 SE 319)." *Jones v. Maril,* 19 Ga. App. 216 (1) (91 SE 445).

When the garnishment action is filed the plaintiff and the garnishee are the only parties. The defendant is not a party to the garnishment. *Jones v. Maril,* 19 Ga. App.

216 (2), supra. For the defendant to become a party it is a condition precedent that the garnishment be dissolved. *Jones v. Maril,* 19 Ga. App. 216 (2), supra; *Foster v. Haynes,* 88 Ga. 240 (14 SE 570); *Leake v. Tyner,* 112 Ga. 919, 922 (38 SE 343); *Code* § 46-401. See also *Code* § 46-303. In the case sub judice the garnishment was not dissolved and therefore the defendant is not a party to the action and the trial court did not have jurisdiction to consider the defendant's traverse. *Johnson v. Planters Bank,* 34 Ga. App. 241 (2) (129 SE 125). Therefore, all proceedings with regard to the traverse including the verdict and judgment rendered below are nugatory.

*Judgment reversed with direction that the defendant's traverse be stricken. Hall, P. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 8, 1972—DECIDED NOVEMBER 17, 1972.

*Elsie H. Griner, Edward Parrish,* for appellant.
*H. J. Quincey, Vickers Neugent,* for appellees.