### 48077. STONE v. PEOPLES BANK et al.

EVANS, Judge. On the first appearance of this case in this court (*Stone v. Peoples Bank,* 127 Ga. App. 588 (194 SE2d 276)), it was reversed with direction that the traverse of defendant Stone as to garnishment proceedings by and between Peoples Bank, as plaintiff, and McCranie Brothers, as garnishee, be stricken, and all proceedings with regard to the traverse, including the verdict and judgment, were rendered nugatory.

On the return of the remittitur the judgment of this court was made the judgment of the lower court, the traverse stricken, and judgment rendered in favor of the plaintiff on the garnishment against the garnishee.

Defendant Stone appeals. But he has no standing to appeal, as the law of the case was established on the first appearance of the case, and he is no longer a party thereto with any right to complain. Code Ann. § 81A-160 (h) (Section 60, CPA; Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240); *Hudmon v. Hill,* 194 Ga. 841 (22 SE2d 835); *Huson v. Candler,* 184 Ga. 557, 558 (192 SE 11), and cits.

Appellant complains because he was not given prior

notice of entry of judgment on remittitur when this case was returned to the lower court. No suggestion is made that the exact judgment of this court was not placed into effect; and no suggestion is made as to what could have been accomplished by appellant if notice had been given prior to entry of judgment on the remittitur. When a remittitur is received from this court by the trial court, it is the duty of the trial court "in good faith" to carry into full effect the judgment of this court. Code § 6-1804; *Harrison v. Harrison,* 208 Ga. 70 (3) (65 SE2d 173); *Pearle Optical v. State Board &c.,* 219 Ga. 856, 858 (136 SE2d 371).

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*
Submitted April 5, 1973 — Decided April 13, 1973.

*Elsie H. Griner, Edward Parrish,* for appellant.