## 29132. LAGERQUIST v. THOMPSON.

UNDERCOFLER, Justice.

This is the second appearance of this case. See *Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267). The controversy involves a default judgment taken by Lagerquist against Thompson in the Civil Court of Fulton County upon a promissory note. Thereafter Thompson brought this equitable action to set aside the default judgment for lack of valid service. In the previous appeal this court held such service was invalid. Upon remittitur the trial court set aside the default judgment. At the same time the trial court ordered Lagerquist to deliver to Thompson certain monies paid by the Life Insurance Company of Georgia under certain garnishments. This part of the order was ex parte. No evidence was introduced as to the garnishments. However, the trial court's order shows that certain funds were paid into court and drawn down by one John Howard while other monies were sent directly to one DeJongh Franklin. Thompson admits in his brief ". . . that the amounts of monies which were paid after garnishments by the appellee were never litigated either expressly or impliedly." Lagerquist complains here that he was denied due process because the issue as to the disposition of monies paid under the garnishments was not raised in the trial court and he has not had an opportunity to defend against it. We agree. Although any garnishments issued under

a void judgment are also void, Lagerquist is entitled to a hearing thereon before he is ordered to pay certain monies to Thompson. Due process requires that Lagerquist be given an opportunity to present his defenses.

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 23, 1974 — DECIDED OCTOBER 1, 1974.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, John A. Howard,* for appellant.

*Horton, Malone, Crim & Latimore, William W. Horton, Harry W. Bassler,* for appellee.