**In re William Howard EIDSON, Jr. d/b/a Bookshack # 1, Bookshack # 2, Bookshack # 3, Bookshack # 4, Luckie Street News, News and Amuse, Debtor.**

**Bankruptcy No. 80–00352A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Oct. 16, 1980.

Arthur B. Seymour, Born, Kohlman, Duvall, P. C., Atlanta, Ga., for debtor and debtor's employer.

Bennet A. Grude, Siegel & Grude, P. C., Atlanta, Ga., for City News, Inc.

### ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

On May 27, 1980, the above–referenced debtor (hereinafter sometimes referred to as "Eidson") and the debtor's employer, Downs Transportation Co., Inc. ("Downs") filed a motion requesting that this Court issue an order restraining City News, Inc. ("City News") from enforcing a judgment of garnishment obtained by City News against Downs. On that same day this Court entered an Order requiring City News to show cause why it should not be permanently enjoined from enforcing the judgment. On June 26, 1980, a hearing was held on the matter and it was taken under advisement.

### FINDINGS OF FACT

1.

On December 17, 1979, City News commenced a garnishment action against Downs by filing a complaint in the State Court of DeKalb County, Georgia.

2.

On January 31, 1980, Downs filed its answer and raised the defense of the debtor's bankruptcy.

3.

On February 4, 1980, the debtor filed a petition for relief in this Court.

4.

On February 20, 1980, two days after the expiration of the statutory period for amendment of right, Downs amended its answer to properly raise the defense of the debtor's bankruptcy.

5.

On April 25, 1980, the State Court struck Downs' answer for insufficiency and entered a default judgment in favor of City News and against Downs in the amount of $14,944.00 principal, $2,241.60 attorney's fees, and $616.00 costs.

### CONCLUSIONS OF LAW

The debtor and Downs claim that the subject matter of jurisdiction of the State Court of DeKalb County was preempted by the filing of the debtor's petition on February 4, 1980 and the judgment is therefore void. The jurisdictional statute for the United States Bankruptcy Court states, in material part:

"The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all the property, wherever located, of the debtor, as of the commencement of such case." 28 U.S.C. § 1471(e).

The intent of this statute is to make explicit that all property of the debtor is *in custodia legis* of the Bankruptcy Court. 1 *Collier on Bankruptcy* ¶ 3.01(g), p. 3–55 (15th ed. 1980). The debtor contends that the effect of this statute is to place the subject matter of the garnishment suit within the exclusive jurisdiction of the Bankruptcy Court. Georgia Code § 46–301 describes what is subject to garnishment. It states, in part, that:

"*All property, money or effects of the defendant* in the possession or control of the garnishee at the time of service of the summons of garnishment upon the garnishee or coming into the possession or control of the garnishee at any time from

the date of service of the summons of garnishment upon the garnishee to the date of the garnishee's answer *shall be subject to process of garnishment . . .*" Ga.Code § 46–301(b) [emphasis added]. This indicates that as of the time that a defendant in garnishment files a petition for relief, the Bankruptcy Court has exclusive jurisdiction over the property which is subject to process of garnishment. The argument follows that as of February 4, 1980, the State Court had no jurisdiction to render a judgment.

City News contends that this argument is not material because, in Georgia, the defendant in garnishment, Eidson, is not a party to garnishment litigation[1] and any judgment rendered is *in personam* against the garnishee.[2] It therefore contends that "the Judgment against the Garnishee is completely outside of the realm of protection as provided for a Bankrupt and his employer." Brief of City News, p. 2.

The Court must analyze the nature of the garnishment process to determine which of these arguments is controlling. The Tenth Circuit Court of Appeals, in analyzing the nature of the Georgia garnishment process stated:

> "A statutory proceeding in garnishment strictly speaking is not a proceeding in rem. It partakes both of the nature of a proceeding in personam and a proceeding in rem and may be classified as a proceeding quasi in rem." *Morris W. Haft & Bros. v. Wells*, 93 F.2d 991, 993 (10th Cir. 1937) citing, *inter alia*, *A. B. Baxter & Co. v. Andrews*, 131 Ga. 120 [, 62 S.E. 42] (1908).

The Court further explained that:

> "It notifies the debtor not to pay the debt, operates to arrest its payment, fixes a lien upon it and ultimately subjects it to the plaintiff's claim. Thus it operates both on the person of the garnishee and on the debt itself." *Id.* 93 F.2d at 993–4 (footnote omitted).

That the presence of the debt is necessary to the validity of the garnishment process is undoubted. For example, garnishments issued under void judgments are also void. *Lagerquist v. Thompson*, 232 Ga. 878, 209 S.E.2d 208 (1974). If there is no valid underlying debt, the garnishment cannot be valid. In fact, a default judgment against a garnishee is conclusive of all elements of the proposition that the plaintiff had already obtained a valid judgment against the defendant, including jurisdictional allegations. *Warlick v. Neal Loan and Banking Co.*, 120 Ga. 1070, 48 S.E. 402 (1904). These cases indicate that the existence of the underlying res is a necessary element of the quasi in rem process known as garnishment.

In this case the debt upon which the garnishment action is based came into the exclusive jurisdiction of the United States Bankruptcy Court prior to the entry of judgment by the State Court. This preempted the jurisdiction of the State Court over this cause of action. Since the property which was the subject matter of the garnishment action was in the exclusive jurisdiction of the Bankruptcy Court, the State Court judgment was void. *Local Loan v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

Therefore, it is hereby ORDERED and ADJUDGED that City News shall be and is forever enjoined from making any attempt to enforce the Order of the State Court of DeKalb County, Georgia dated April 25, 1980 which is the subject of this action.

It is FURTHER ORDERED and ADJUDGED that said Order shall be and is void.

---

1. *Stone v. People's Bank*, 127 Ga.App. 588, 194 S.E.2d 276 (1972), appeal after remand 128 Ga.App. 796, 197 S.E.2d 925 (1973).

2. *Hines v. Minor*, 26 Ga.App. 278, 105 S.E. 851 (1921).