THE MERCHANTS' ETC. BANK *vs.* HAIMAN, and *vice versa.*

1. When a traverse has been filed to the answer of a garnishee and has been sustained by the jury, and judgment is about to be entered against him on the verdict, then, and not until then, has he a right to inquire into the validity of the judgment in favor of the plaintiff against defendant.

(a) The practice in some circuits of the State, where non-residents are sued to try the issue on the traverse of the garnishee before judgment is entered against the defendant, has been approved. But the judgment against the garnishee remains passive until verdict and judgment against the principal are rendered. If no judgment is rendered against the garnishee, the case goes out for want of jurisdiction.

2. A third person not a party to the record cannot go into a court and move to set aside a judgment which is not against him.

3. It follows that the court below erred in entertaining and considering the motion of the garnishee to set aside the judgment against the defendant, and in passing the order setting it aside. For the same reasons, he was right in not granting the motion of the garnishee to dismiss the attachment on account of the alleged defect in the declaration.

April 16, 1888.

Judgments. Garnishment. Practice. Parties. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1887.

Reported in the decision.

GEORGE S. THOMAS and T. P. WESTMORELAND, for plaintiff.

HENRY JACKSON and SAMUEL WEIL, for defendant.

SIMMONS, Justice.

It appears from the record that the Merchants and Manufacturers' National Bank, of Pittsburgh, Pennsylvania, brought suit by attachment and garnishment in the superior court of Fulton county, against The Siemens-Anderson Steel Company, a corporation of the State of New York, on a contract in writing, called a bill of exchange; and several persons were garnished, among them Elias Haiman.

In March, 1882, at the first term of the court to which the attachments and garnishments were made returnable, the plaintiff filed a declaration. In January, 1883, the declaration was amended; and in June, 1885, judgment was entered by the court upon said bill of exchange, for $6,548.45 principal, and $1,403.36 as interest, to be satisfied out of whatever may be found subject in the hands of the garnishee. Elias Haiman answered the summons of garnishment, and denied being indebted to the defendant in any manner whatever, or that any effects of the defendant had come into his hands since the service of the garnishment, and up to the date of his answer. This answer was traversed by the plaintiff. On the trial of the traverse, the jury found a verdict of $2,400 principal, and $533 interest against the garnishee. A motion for a new trial was made by the garnishee, which was granted by the court. At the same time, he also made a motion to set aside the judgment of the court in favor of the plaintiff

v 80 40

against the defendant, the Siemens-Anderson Steel Company. This motion to set aside the judgment does not appear to have been acted upon by the court. When the case of the plaintiff against the garnishee, Haiman, was called a second time for trial, he renewed or insisted upon the original motion to set aside the judgment of the plaintiff against the Siemens-Anderson Steel Company, upon two grounds: (1) on the ground that the bill of exchange sued on was not an unconditional contract in writing, and therefore the court had no power to render a judgment without the intervention of a jury; and (2) he moved to dismiss the attachment because the declaration in attachment was fatally defective in praying for process instead of judgment, and because there was no reference to an attachment proceeding in the declaration, and that such fatal defects could not be cured by an amendment filed at a subsequent term of the court to which the attachment was returnable, and without notice to the defendant or the garnishee.

The plaintiff objected to the consideration of this motion by the court, upon the ground that the garnishee had no right to make such motion. The court overruled the objection of the plaintiff, and decided that the judgment entered up by the court in favor of the plaintiff against the defendant, the Siemens-Anderson Steel Company, was void, because the bill of exchange sued on was not an unconditional contract in writing, and therefore the court had no power to enter up judgment thereon without the verdict of the jury; and the court overruled the second ground of the motion, and refused to dismiss the attachment on the grounds alleged in the motion. The plaintiff filed its bill of exceptions, and excepted to the judgment of the court setting aside the judgment, and the defendant filed a cross-bill of exceptions, and assigned error on the refusal of the court to dismiss the attachment.

1. We think the court erred in entertaining the motion of the garnishee to set aside the original judgment in the case. The garnishee was not interested nor concerned in

the judgment between the plaintiff and the defendant at the time he made this motion. That judgment could not affect him in one way or another at that stage of the proceedings. Generally a garnishee has no interest in the judgment against the defendant until the motion is made to enter judgment against him; then he has a right to inquire if there is a valid judgment against the defendant. When a traverse, in cases like this under consideration, has been filed by the plaintiff to the answer of the garnishee and the traverse has been sustained by the jury, and judgment is about to be entered up against the garnishee on that verdict sustaining the traverse, then he becomes interested or concerned as to whether there is a judgment in favor of the plaintiff against the defendant or not. When the jury finds that that answer is not true, and declares in its verdict that he is indebted or had effects in his hands at the time he was garnished, and the plaintiff moves to enter up judgment against the garnishee, the court can then inquire whether the plaintiff has a judgment against the defendant or not. Up to that time he is not interested or concerned in the matter; because if he is not indebted, or has no effects of the defendants in his hands, it does not matter to him whether there is a judgment in favor of the plaintiff against the defendant or not. It is the practice in some circuits of this State, when nonresidents are sued, to try the issue on the traverse of the garnishee before judgment is entered for the plaintiff against the defendant; and this court, in the case of *Wilson vs. Bank of Louisiana,* 55 *Ga.* 98, says that it seems to be a reasonable practice; that "action is suspended or the judgment against the garnishee remains passive, if obtained, till a verdict and judgment are rendered against the principal; if no judgment is had against the garnishee, the case goes out, there being no jurisdiction, in such a case as this, then in the court."

2. Besides, we hold that a third person not a party to the record cannot go into a court and move to set aside a

judgment which is not against him. The code, §3587, evidently confines the motion in arrest of a judgment, or a motion to set it aside, to the parties to the record. In this case, Haiman, the garnishee, was not a party to the record. The parties were the bank and the Siemens-Anderson Steel Company. Haiman, as said before, has no interest, nor is he concerned whether that judgment is valid or invalid, until the jury finds against his answer and a motion is made to enter up judgment against him. Then, if the judgment is void, he will be allowed to attack it; and not till then. The plaintiff is not entitled to a judgment against the garnishee until he has obtained judgment against the defendant. The garnishee's answer may be traversed and a trial had thereon, and a verdict returned against the garnishee; but judgment cannot be entered up on that verdict until the plaintiff shows to the court that he has a judgment against the defendant in the case. Whenever he shows that, a judgment can be entered up against the garnishee.

3. For these reasons we hold that the court below erred in entertaining and considering the motion of the garnishee to set aside this judgment and in passing the order setting it aside. We also hold, for these reasons, that he was right in not granting the motion of the defendant to dismiss this attachment on account of the defect in the declaration.

From what we have said in the former part of this opinion, it will be seen that it is unnecessary for us now to pass upon the validity of this judgment, or to determine whether the contract sued on was an unconditional contract or not. The jury on the trial of the traverse of the garnishee's answer may find in favor of the answer. If they should do so, this question will not arise. If they should find in favor of the traverse of the answer and the plaintiff moves to enter up judgment against the garnishee, then it may arise.

Judgment on the writ of error is reversed; on the cross-bill of exceptions it is affirmed.