DENT *v.* DENT *et al.,* executors.

1. While ancillary to the main suit, a garnishment is a distinct cause of action between different parties, requiring a separate and independent judgment.
2. The plaintiff has no right to judgment against the garnishee until after he has actually entered up judgment against the defendant in the main case.
3. A joint judgment against the defendant and garnishee is void as to the latter and an affidavit of illegality to an execution on such judgment should be sustained.

Submitted October 13, — Decided October 30, 1903.

Affidavit of illegality.    Before Judge Felton.    Crawford superior court.    March 30, 1903.

S. W. Dent sued Colbert in Crawford superior court.    A summons of garnishment directed to W. J. Dent was issued on an affidavit and bond based on this suit, dated September 7, 1897, and was served on that day.    On March 20, 1899, a verdict was rendered in favor of the plaintiff, and the following judgment entered thereon: "S. W. Dent *vs.* Arch Colbert, deft., W. J. Dent, garnishee.    Complaint on note.    Crawford superior court, March term, 1899.    Verdict for plaintiff.    The jury empaneled to try the above-stated case having returned a verdict for the plaintiff for the sum of $148.58 principal and interest to date, it is ordered and adjudged and considered that the plaintiff do recover of Arch Colbert, deft., and W. J. Dent, garnishee, the above sum of $148.58 principal, and interest to date, and all future interest," etc.    A joint execution against Colbert as defendant and W. J. Dent as garnishee was issued on this judgment and was levied on land of the garnishee, who filed an affidavit of illegality, setting up that it had been paid, and, by amendment, that the execution was illegal because it was founded on a joint judgment against the defendant and the garnishee, such judgment being illegal and void.    On the trial the court charged the jury that there was no sufficient irregularity to make the judgment void, and that it was a good and valid judgment.    To this the affiant excepted in his motion for a new trial, the overruling of which is assigned as error.

*M. G. Bayne,* for plaintiff in error.    *Hardeman & Moore,* contra.

LAMAR, J.    While ancillary to the main action, a garnishment proceeding is a distinct suit against a separate party, and for an entirely new cause of action.    In the main case the question is

whether the defendant is indebted to the plaintiff.    In the garnishment suit the question is whether the garnishee is indebted to the defendant.    Until judgment against the defendant, the plaintiff has no cause of action against the garnishee.    The statute, it is true, gives the plaintiff a right to summon the garnishee, but his right to further prosecute the suit is not complete until after verdict and judgment in the main case.   When, therefore, a judgment is entered against the garnishee at the same instant that it is signed up against the defendant, it results that the plaintiff has prematurely recovered against the garnishee, and before his right to answer has completely expired.   The fact that a separate judgment may immediately thereafter be entered against the garnishee, who has not answered, does not change the legal result; for, at least theoretically, he may be in court in person or by attorney, and may show that he had good excuse for his failure, obtain permission to answer, and thereupon deny indebtedness, or show that it was not in amount equal to the sum just recovered against the principal defendant.    *Atlanta Journal* v. *Brunswick Pub. Co.* 111 *Ga.* 722.

Inasmuch as the Civil Code, § 4726, expressly declares that the plaintiff shall not have judgment against the garnishee until he has obtained judgment against the defendant, it follows that the judgment rendered in this case was not only premature on general principles, but in the teeth of the statute, and therefore void as against the garnishee, who was not present at the time, and took no part in the proceedings in which it was entered.    *Fourth Nat. Bank* v. *Mayer*, 89 *Ga.* 108 (1); *Housmans* v. *Heilbron*, 23 *Ga.* 186; *Arnold* v. *Gullatt*, 68 *Ga.* 810; *Bryan* v. *Dean*, 63 *Ga.* 317; *Liverpool Ins. Co.* v. *Savannah Grocery Co.*, 97 *Ga.* 746; *Everett* v. *Westmoreland*, 92 *Ga.* 671; *Holbrook* v. *Evansville R. Co.*, 114 *Ga.* 1; *Jarrell* v. *Guann*, 105 *Ga.* 144.

*Judgment reversed.    All the Justices concur.*