## 55.   HOLMES *v.* POPE & FLEMING.

1. Subject to a few exceptions (as for instance as to torts which a garnishee may have committed against a defendant) a judgment creditor may by garnishment acquire a control over the choses in action of the defendant and thereby in effect bring suit against his debtor's debtor. And though by garnishment the creditor may stand in the debtor's shoes as to choses in action, he enjoys the privilege cum onere.

2. For the converse is likewise true: "Creditors can not reach by garnishment any assets which the debtor himself could not recover from the garnishee." *Tim* v. *Franklin,* 87 *Ga.* 95. "What one can not recover himself can not be recovered by garnishment against him." *Bates* v. *Forsyth,* 69 *Ga.* 365.

3. Consequently, as to a fund in the hands of a garnishee to be advanced under a contract and in pursuance thereof and held for one special pur-

pose only: as the debtor can not compel its payment to other purposes foreign to the contract, neither can the garnishing creditor extend his rights beyond those of the defendant.

4. As to assets in the hands of a garnishee belonging to a non-resident of this State, such garnishee is entitled to set off any indebtedness owed by said non-resident defendant in garnishment, even though such indebtedness be not due. The question as to whether such garnishee is or is not indebted to the non-resident defendant, or has assets of such defendant in his hands, should be ascertained by a comparison of their respective claims, and answer made accordingly. Civil Code, § 3755.

Garnishment, from city court of Richmond county—Judge Eve. February 28, 1906.

Argued February 4,—Decided March 1, 1907.

*C. P. Pressley,* for plaintiff. *W. H. Fleming,* for defendants.

RUSSELL, J. Holmes & Company sued out an attachment against A. M. Calhoun as a non-resident, and served a summons of garnishment on Pope & Fleming, who filed an answer denying the indebtedness. The plaintiffs in attachment traversed the answer of the garnishees, and at the conclusion of the evidence the court directed a verdict in favor of the answer of the garnishees and against the traverse of the plaintiffs. The plaintiffs made a motion for new trial, which was overruled, and the overruling of this motion is the error assigned here. A motion to dismiss the writ of error was duly presented here, and will be first considered. The motion is as follows: (1) "Because there is no sufficient assignment of error, the only assignment of error being the following recital in the bill of exceptions, namely: 'To which order of Judge Eve, overruling said motion [for new trial] and denying said new trial, the said John F. Holmes & Company did then and there except and assign the same as error.' From their recital it does not appear upon which one or more of the grounds of motion for a new trial assignment of error is predicated, nor does it appear that plaintiff in error made any exception to the said ruling at the time of presenting the bill of exceptions." (2) Because the grounds of motion for new trial were certified as true, "subject to correction at the hearing," and it does not appear that said grounds were subsequently approved without qualification. (3) Because the brief of evidence contains only a brief of the oral testimony, and does not embrace in any form any of the written documentary evidence introduced at the trial, the said written documentary evidence being

included as part of the transcript of the record, and not in the brief where it legally belonged.

We find no merit in this motion. The assignment of error is sufficient under numerous rulings of the Supreme Court. "A motion for a new trial being based upon several grounds distinctly set forth therein, an assignment of error in a bill of exceptions that the court erred in overruling the motion is sufficiently plain and specific in setting forth the errors complained of, under the act of November 11, 1889." *Gray* v. *Phillips,* 88 *Ga.* 199. See also *Hardison* v. *Burr,* 73 *Ga.* 125; *Erskine* v. *Duffy,* 76 *Ga.* 602; *Futch* v. *State,* 90 *Ga.* 472.

The second ground for motion to dismiss is because the grounds of the motion for new trial were certified as true, subject to correction at the hearing. This ground of motion to dismiss is obliterated by the positive statement in the bill .of exceptions that the recitals of fact contained in the motion for new trial are true and correct.

There is no merit in the third ground of the motion to dismiss. While the documentary evidence should always be briefed, it appears from the approved brief of evidence that the rule was substantially complied with in this case. And it is "unlawful .. to dismiss any case for any want of technical conformity to the statutes or rules regulating the practice, .. where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case," etc. Civil Code, § 5569. In this case the full copies may be treated as mere surplusage. *Rudolph* v. *Underwood,* 88 *Ga.* 665 (9). "Where the bill of exceptions and the judge's certificate both conform to the act of 1889 for bringing cases to this court, and the error complained of is the overruling of a motion for new trial, the writ of error will not be dismissed because this court may be of opinion that some parts of the record specified are not material."

For another reason the motion to dismiss is not well taken. "It appears that the brief was agreed upon as correct by counsel for both the movant and the respondent in the motion for a new trial, and the bill of exceptions states affirmatively that this brief was approved by the court and ordered filed. The record also discloses that the motion for a new trial was heard and determined without

objection of any kind to the brief of the evidence.   In other words, it was, at the hearing, treated by the respondent as coming up to all the legal requirements.   In view of these facts, it was too late for him, after the motion for a new trial had been heard upon its merits, to raise any question as to the form of the brief, or to make complaint that it was not duly filed."   It is not the policy of our law to favor dismissal, but rather its constant aim to reach substantial justice without undue regard to mere technicalities.   A motion to dismiss is not the proper manner or the remedy to compel compliance with the Civil Code, § 5528.   See §§ 5568, 5569; *Rudolph v. Underwood*, 88 *Ga.* 665; *Southern M. Co.* v. *Brown*, 107 *Ga.* 264; *Pullen* v. *State*, 116 *Ga.* 555.   As held by this court in *Brawner* v. *Maddox*, ante, 332, a writ of error will not be dismissed if the bill of exceptions and the record disclose what may be material to a clear understanding of the errors complained of.   In this case, while it was improper to have sent up full copies of the documentary evidence, the court is fully and clearly apprised by the brief of evidence of everything material therein, and the full copies can well be treated as surplusage, the costs of which, in case of reversal, might be taxed against the plaintiff in error, but which do not require the severe penalty of dismissal.   The motion to dismiss the writ of error is therefore refused.

On the trial of this case it appeared that Mrs. Calhoun, against whom a judgment was rendered on an attachment as a non-resident, had procured a loan of money from the garnishees, Pope & Fleming, and that a balance of said loan was still in the hands of Pope & Fleming.   This sum Holmes & Company sought to reach by process of garnishment.   It further appeared that the fund in the hands of Pope & Fleming was part of a loan advanced for one specific purpose; to wit, to aid Mrs. Calhoun in her farming operations—assist her to produce a crop of cotton, which, as was contracted, should afterwards be handled and sold upon commission by Pope & Fleming as cotton factors.   Not only was the money to be used for only one purpose, but there was a benefit in the contract to Pope & Fleming, who were to receive commission on a fixed number of bales of cotton to be raised by Mrs. Calhoun and to be handled by them.   The consideration inducing the loan was less affected by the interest on the money than by the larger commissions on the cotton to be delivered, and the single purpose for which

the money was advanced was to aid in raising that crop. In their amended answer the garnishees claim that there was no indebtedness on their part subject to garnishment, for the following reasons: "Mrs. Calhoun is a non-resident of the State of Georgia, as appears from the affidavit on which the attachment was sued. On the date when the summons of garnishment was served, and continuously and up to and beyond the date of filing the answer, to wit July 3, 1905, Mrs. Calhoun was indebted to Pope & Fleming on the note for $524.89, dated March 24, 1905, due Nov. 1, 1905. The largest amount of money owed by Pope & Fleming to said Mrs. Calhoun, at any time from the service of the summons of garnishment on May 10, 1905, was $500.00, the amount which they agreed to advance for the express purpose of raising crops on the plantation in South Carolina, on which crops Pope & Fleming had a lien for the repayment of said money and which sum was placed to her credit on March 24, 1905. And on July 3, 1905, the balance due as shown by the books was $72.30, Pope & Fleming having paid out on drafts the following sums: $200.00, April 17, 1905; $225.00, May 6, 1905; $2.70, June 6, 1905. Mrs. Calhoun was also indebted to Pope & Fleming in the sum of $75.00 under a written contract to send Pope & Fleming, as commission merchants for sale, all the crop of cotton, not less than fifty bales, which was to be raised by Mrs. Calhoun on said plantation; and in the event the fifty bales were not sent in whole or in part, a payment of $1.00 per bale was to be made for the deficiency. At the date of filing the answer to said garnishment on July 3, 1905, the crops on said plantation had not matured, and the expense of making and gathering the same had not been paid; and hence the purpose for which the money was advanced under the terms of the contract above referred to had not been performed, and a diversion of the whole or any part of said money by Mrs. Calhoun, or the seizure thereof by any creditor, would necessarily have been an injury to Pope & Fleming, and would have prevented the fulfillment of said contracts." Holmes & Company traversed the answer of the garnishees. On that issue trial was had, and the evidence introduced by the plaintiff fully sustained all the material allegations of fact contained in the answer of the garnishees. The judge directed a verdict against the traverse and in favor of the garnishees. Holmes

& Company filed a motion for new trial, which was overruled, and they excepted.

We think there was no error in refusing a new trial, because the verdict was demanded under the evidence by either one of two legal reasons: The money, which Pope & Fleming were still due to Mrs. Calhoun under the contract, was to be advanced only for one special purpose beneficial to them; and secondly, the defendant being indebted to them on a note, they were entitled to apply any amount they might be due her toward the payment of their note, although it was not due, because she was a non-resident. Generally a judgment creditor may acquire by garnishment a control over the choses in action of the defendant, and thereby in effect bring suit against his debtor's debtor. But there are many exceptions to this rule; for there are cases in which a creditor may enforce claims where the debtor could not. And conversely, the debtor may proceed where the creditor could not. Secret liens and fraudulent deeds may bind the one and be ineffective against the other. On the other hand, the debtor may sue for torts, but the creditor can not make such a cause of action available even by a process of garnishment. *Williams* v. *Williams*, 122 *Ga.* 180. But where by garnishment the creditor is placed in the shoes of the debtor as regards the garnishee, he enjoys that privilege in connection with the burdens of the position; for what the debtor can not recover he can not reach. The fund in the hands of Pope & Fleming, if subject to be advanced to Mrs. Calhoun without limitation, could be reached by Holmes & Company. But as the uncontradicted evidence showed that the contract required Mrs. Calhoun to use it in making a crop, she could not demand it for any other purpose, and Holmes & Company, standing in her shoes, occupy no better position, because the expenditure of this money on a pleasure trip by Mrs. Calhoun, or by Holmes & Company in part payment of their claim, would either of them necessarily have been injurious to Pope & Fleming and in violation of their contract.

But aside from this, the uncontradicted evidence showed that Mrs. Calhoun was a resident of the State of South Carolina, and indeed her non-residence was the ground of the plaintiffs' attachment; and this being so, if Mrs. Calhoun had brought suit herself against Pope & Fleming for the $72.30 in their hands, they could have pleaded as a set-off their note for $524.89, even though that

note did not fall due until November 1st. Civil Code, §3755. If the note could be pleaded as a set-off at the time of the service of summons of garnishment, then the amount in the hands of Pope & Fleming was always less than such set-off. Mrs. Calhoun could not recover in this case against Pope & Fleming herself, and as "what one can not recover himself can not be recovered by garnishment against him," so Holmes & Company could not recover; and the verdict rendered was proper.                    *Judgment affirmed.*