397.  INGRAM, administrator, *v.* JACKSON MERCANTILE COMPANY.

1. Under the Civil Code, § 3761, no judgment shall be enforced after it becomes dormant.

(*a*) To allow a dormant judgment to subject money through a process of garnishment based thereon would be to enforce it in violation of this section.

(*b*) A judgment obtained in a justice's court is dormant where the execution issued thereon is more than seven years old and neither the execution nor any official entry thereon has been entered upon the superior court execution docket; and this is true although the execution has been, within the period named, entered upon the general execution docket.

2. A valid existing judgment against the defendant is a condition precedent to a judgment against the garnishee; and the latter may contest the validity of the judgment against the defendant when the same is offered as a basis for a judgment in the garnishment case. This is true although the garnishee has failed to make answer, or has answered admitting indebtedness to the defendant, or has answered denying indebtedness, and, upon traverse, the issue has been found against him.

Garnishment, from Butts superior court—C. L. Redman, judge pro hac vice. February 27, 1907.

Argued June 21,—Decided June 26, 1907.

*O. M. Duke,* for plaintiff in error.

*H. M. Fletcher, Ray & Ray, W. C. Munday,* contra.

POWELL, J. On May 15, 1897, the Jackson Mercantile Company recovered judgment in a justice's court against J. M. Ingram; on May 21, 1897, execution was issued; on August 28, 1897, the execution was placed upon the general execution docket of the county; on January 9, 1904, an entry of nulla bona was made on the execution; but neither the execution nor the entry of nulla bona has ever been recorded on the superior court execution docket. On October 17, 1906, the Jackson Mercantile Company sued out a garnishment proceeding based on this judgment, and caused summons of garnishment to be served upon J. S. Ingram, administrator upon the estate of Susan P. Ingram. To the answer of the garnishee there were filed both an objection as to its being sufficient and as to the time of its filing, and also a traverse. When the execution was offered on the trial, as evidence of the plaintiff's judgment against the defendant, the point was made that it was dormant. The jury found in favor of the garnishee. The plaintiff sued out certiorari; and on the hearing in the superior court the judge pro hac vice awarded final judgment in favor of the plaintiff, presumptively upon the theory that the answer of the garnishee was insufficient, or not filed in time, and that the garnishee was therefore not in position to attack the validity of the plaintiff's judgment.

1. The judgment was dormant; this is clear. When a judgment is obtained in a justice's court, in order to prevent dormancy the

execution and entries are to be recorded upon the superior court execution docket, not upon the general execution docket. The record upon the latter docket is for a different purpose. Civil Code, §3762; *Columbus Fertilizer Co.* v. *Hanks,* 119 *Ga.* 950, 47 S. E. 222; *Rountree* v. *Jones,* 124 *Ga.* 395, 52 S. E. 325. A dormant judgment is asleep for all purposes, legal and equitable; and by the express letter of the Civil Code, §3761, it is not to be enforced. *Palmer* v. *Inman,* 126 *Ga.* 519, 55 S. E. 229. To let it seize money through a process of garnishment would unquestionably be to enforce it, and would be a violation of the law.

2. A valid existing judgment against the defendant is a necessary prerequisite to a judgment against the garnishee; for the existence of such a judgment is the only adequate answer of the garnishee to the defendant when the latter calls upon him for payment of the indebtedness existing between them. The garnishee may by answer admit indebtedness to the defendant; or, by failing to answer, may put himself into a position where the court conclusively presumes against him an admission of such indebtedness; or he may become estopped to deny the indebtedness, by reason of a finding in favor of a traverse to his answer; still he is not to be required to pay to the plaintiff the money actually or constructively admitted or found to be due to the defendant, until the plaintiff submits a judgment against the defendant, valid against the latter and sufficient to protect the garnishee from the subsequent demand of the defendant against the garnishee for the same fund. Until the garnishee has actually or constructively admitted the indebtedness, or a finding has been rendered against him estopping him from denying the indebtedness, and final judgment is about to be entered against him, the garnishee has no interest in the question whether the plaintiff has a valid judgment against the defendant or not; but then, though not till then, it is his right and duty to inquire into the validity of the alleged judgment against the defendant, on which the final judgment against the garnishee must necessarily rest. *Merchants Bank* v. *Haiman,* 80 *Ga.* 624, 5 S. E. 795; see also *Fagan* v. *Jackson,* 1 *Ga. App.* 24, 57 S. E. 1022.

*Judgment reversed.*