## WHALEY *v.* KEAR.

1. It is the better practice to postpone the trial of the issue formed by a traverse to a garnishee's answer until after judgment has been obtained against the defendant; but there is no legal inhibition against trying such issue in advance of the pending action on which the garnishment is based.

2. A verdict should be given a reasonable intendment. 'Where a traverse has been filed to the answer of a garnishee denying indebtedness, averring that such garnishee was indebted to the defendant in a stated amount, a verdict in favor of the plaintiff for the amount named in the traverse is to be construed as a finding in favor of the traverse.

3. A judgment for the plaintiff can not be entered up against the garnishee until judgment is had against the defendant. When a traverse has been filed to the answer of a garnishee and has been sustained by the jury, and a motion is made to enter up judgment against him on the verdict, then, and not until then, has he a right to inquire into the existence or validity of a judgment in favor of the plaintiff against the defendant.

4. The issue on the trial of a traverse to the answer of a garnishee denying indebtedness is that made by the traverse, viz., whether he was indebted as averred in the traverse; and it is not pertinent to such inquiry whether a prior judgment had been rendered against the defendant.

5. The evidence authorized the verdict.

> NOVEMBER 14, 1912.

Garnishment. Before Judge Fite. Whitfield superior court. October 21, 1911.

James Kear instituted suit against J. N. Stonecipher to recover damages for an alleged breach of warranty in the sale of land, and thereupon sued out process of garnishment. A summons of garnishment, returnable to the October term, 1909, was issued and was served upon S. M. Whaley, who filed his answer at the return term, denying indebtedness to the defendant. At the same term a traverse of the answer was filed, in which it was averred that the garnishee had in his hands the sum of two hundred dollars belonging to the defendant. The issue formed upon this traverse was tried at the October term, 1910, and a verdict was returned "for the plaintiff two hundred ($200) dollars." The garnishee moved for a new trial, on the ground that the verdict was contrary to the law and the evidence. The motion was overruled, and a bill of exceptions was sued out, in which it was recited that no verdict or judgment had ever been rendered in the principal case, except one nunc pro tunc, bearing date after the overruling of the motion for new trial. The judge stated, in the bill of exceptions, that no question of judgment against the defendant in the main case was raised upon the trial of the traverse of the garnishee's answer, and that the only issue submitted was that made by the answer and traverse.

*George G. Glenn,* for plaintiff in error.
*Maddox, McCamy & Shumate,* contra.

EVANS, P. J. In a garnishment proceeding a traverse to the garnishee's answer may, but need not, be made at the term to which the answer is made. It may be made at any time before the garnishee is legally discharged. *Smith* v. *Wellborn,* 73 *Ga.* 131. If the garnishment is based upon a pending suit, it is the better practice for the trial to occur after judgment has been rendered in the main case. The reason for this is that it might save a waste of time in the event the plaintiff should fail to recover against the defendant; but there is no requirement, statutory or otherwise, that the trial of the issue formed by the traverse shall occur prior to the trial of the issue between the plaintiff and defendant in the main case. In attachment cases, where non-residents are sued and jurisdiction obtained by service of garnishment, the practice of trying the issue formed on the traverse in

advance of obtaining judgment on .the attachment has been approved. In such cases the judgment against the garnishee remains passive until verdict and judgment against the principal are rendered; and if no judgment is ever rendered against the defendant, the case goes out for want of jurisdiction. · *Merchants Bank* v. *Haiman,* 80 *Ga.* 624 (5 S. E. 795).

There can be no substantial objection to the trial of the issue formed on the traverse to the answer in advance of the suit against the principal defendant; for the reason that, though the traverse be sustained, a judgment against the garnishee in favor of the plaintiff does not follow as a matter of course. If the garnishee admits assets or indebtedness, no action can be taken upon such admission until there is a judgment rendered in the main case. The statutory provision for a traverse and a trial of the issue thereby made is the juridic process of correcting any error of fact in the answer; and when so corrected, the answer is to be considered as if originally made in the corrected form; and the subsequent procedure is the same as if the garnishee had admitted the indebtedness found to be due on the trial of the traverse.

It is argued that the verdict rendered by the jury in this case, being in favor of the plaintiff for a specified amount, is unauthorized by the evidence, inasmuch as no judgment in the main case had been rendered at the time. Verdicts are to receive a liberal interpretation, and to be construed in the light of the pleadings. We do not construe the verdict finding for the plaintiff as one upon which an absolute judgment against the garnishee may be entered by counsel at any time; it was a finding in favor of the plaintiff on the issue formed by the traverse. It was a finding in favor of the traverse, which set out that the garnishee was indebted to the principal defendant in the sum of two hundred dollars at the time of the service of the garnishment.

A judgment is not to be entered as matter of course upon a verdict finding in favor of the plaintiff's traverse to the garnishee's answer. The plaintiff has no right to a judgment against the garnishee until he has actually entered up judgment against the defendant in the main case. Civil Code, § 5292. *Dent* v. *Dent,* 118 *Ga.* 853 (45 S. E. 680). The proper practice for a plaintiff who has obtained a judgment in the main case, and who desires to enter up judgment against the garnishee, is to move the court for

a judgment against the garnishee who admits being indebted to the defendant or having assets in his hands belonging to the defendant, or who has been found upon a traverse to his answer to be indebted or to have assets in his hands. Of course that judgment can not be in excess of the judgment which the plaintiff recovers against the principal defendant. When a traverse has been filed to the answer of a garnishee, and has been sustained by the jury, and judgment is about to be entered against him on the verdict, then, and not until then, has he a right to inquire into the validity of the judgment in favor of the plaintiff against the defendant. *Merchants Bank* v. *Haiman,* supra.

It follows, therefore, that the only issue before the court in the present case was that formed by the traverse to the garnishee's answer, which was, whether he was indebted to the defendant as averred in the traverse. The evidence was sufficient to authorize the finding, and that was the only question comprehended in the motion for new trial. The validity of the judgment nunc pro tunc in the main case, or the judgment entered up on the verdict rendered on the trial of the traverse, is not involved in the present state of the record. In *Americus Grocery Company* v. *Link,* 116 *Ga.* 813 (43 S. E. 49), the case was tried before the judge without a jury; no motion for a new trial was made, and exception was taken to the rendition of the judgment.

<div align="center">

*Judgment affirmed. All the Justices concur.*