9210. SOUTHERN RAILWAY COMPANY *v.* ROLLINS.

JENKINS, J. 1. Neither the exemption provided by the laws of this State, nor that provided by the laws of the State of the debtor's residence, affords protection against process of garnishment to subject in this State wages of non-residents which have been earned within this State. Civil Code (1910), § 5095; *Kile* v. *Montgomery,* 73 *Ga.* 338 (3); *Harvey* v. *Thompson,* 2 *Ga. App.* 569 (5) (60 S. E. 11).

2. The finding of the jury upon the question as to the debtor's residence at the time the garnishment proceeding by attachment was instituted can not, under the evidence, though the evidence was conflicting, be disturbed.

3. The record does not disclose any written assignment to the plaintiff by his debtor of the latter's° chose in action against the garnishee such as would effect an immediate change of ownership of the fund, and thus prevent recourse to the process of garnishment. The mere delivery to the plaintiff by his debtor of certain "time slips," with the promise of the latter that he would "get his pay check from the railroad company and turn it over" to the plaintiff, did not constitute such a transaction as could have compelled the railroad company to pay over the fund to the plaintiff as assignee, if forbidden to do so by the person to whom it was indebted. *Reviere* v. *Chambliss*, 120 *Ga.* 714, 715, (48 S. E. 122) ; *Hargett* v. *McCadden*, 107 *Ga.* 773, 774 (33 S. E. 666).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.* .

DECIDED MAY 17, 1918.

Certiorari; from Whitfield superior court—Judge Tarver. September 8, 1917.

*Maddox, McCamy & Shumate, James J. Copeland,* for plaintiff in error.