### 13175.   MIXON *v.* LACEY.

The assignments of error based upon certain extracts from the instructions of the court to the jury, when the charge is considered as a whole, are entirely without merit. The only issue in the case was one of title to the property, or to the money arising from the sale of the property, in the hands of the garnishee. The garnishee, having answered, had no further interest in the issue, but the question was one of title between the plaintiff in fi. fa. and the claimant. On this issue the evidence was in favor of the claimant's title, and the verdict in his favor was amply supported, if not demanded.

DECIDED MAY 23, 1922.

Claim; from city court of Valdosta — Judge Cranford. December 19, 1921.

*Dan R. Bruce,* for plaintiff.

*Patterson, Copeland & Slater,* for defendant.

HILL, J. J. T. Mixon, of Lowndes county, Georgia, sued out an attachment against B. L. Hall, a non-resident, residing in the State of Alabama, in which attachment he claimed an indebtedness of $250, besides interest. The attachment was levied by service of process of garnishment on W. J. Davis, of Lowndes county, Georgia. Thereafter Davis, the garnishee, filed his answer, admitting an indebtedness to Hall in the sum of $180. Mixon filed a declaration in attachment against Hall, alleging that the indebtedness was evidenced by a promissory note. Subsequently, and while the garnishment proceeding and the attachment were still pending, and prior to trial and judgment, the defendant in error, H. B. Lacey, filed his claim for the sum of money admitted to be in the hands of the garnishee, by traversing the answer of the garnishee and giving bond and dissolving the garnishment, as provided in § 5282 of the Civil Code of 1910. On the trial of the issue thus made, the trial court, on motion of the claimant, passed an order dismissing the levy and granting a nonsuit, on the ground that the plaintiff had failed to carry the burden so as to shift the onus to the claimant. Thereupon the plaintiff in attachment brought a bill of exceptions to this court, and, upon consideration of the same, this court reversed the judgment of nonsuit. *Mixon v. Lacey,* 26 *Ga. App.* 542 (107 S. E. 259). The subsequent trial in the city court of Valdosta resulted in a verdict in favor of the claimant, and the plaintiff in attachment filed a motion for a new trial, which was overruled, and the case is in this court a second time for review.

The facts of the case, as disclosed by the record, are not in dispute, and, briefly stated, are as follows: H. B. Lacey, defendant in error, resided at Anniston, Alabama, and J. T. Mixon resided at Valdosta, Georgia. Hall had formerly resided at Valdosta, and was indebted to Mixon on his promissory note for two hundred and fifty odd dollars. Hall was a friend of Lacey and was in Anniston on November 11, 1919. A short time prior to this date Lacey bought some cots, mattresses, and pillows from the War Camp Community Service at Anniston, which he wanted

to sell. In an effort to help Lacey sell this property Hall wrote to W. J. Davis, who, it seems, was a furniture dealer residing at Valdosta, informing Davis that he had possession of the property and desired to sell it at a stipulated price, mentioned in. the letter. The correspondence resulted in a contract of sale by Davis and Hall of the property in question, and the money in the hands of Davis, derived from the sale of this property, is the money held up by the process of garnishment and the claim filed by Lacey. Hall did not disclose, in his correspondence with Davis, that in the sale of the property he was simply acting as agent of Lacey, the owner thereof. The case tried, as made by the pleadings, was not a garnishment case but a claim case, under § 5282 of the Civil Code (1910). See also *Canton Fertilizer Co.* v. *Hunt,* 21 *Ga. App.* 424 (94 S. E. 596). And the issue was between the plaintiff in attachment, Mixon, and the claimant, Lacey; and the garnishee, having answered, was not a party to that issue. *Hirsch* v. *Lumbermen's Supply & Equipment Co.,* 130 *Ga.* 555 (61 S. E. 225). The issue was clearly one of title to the money arising from the sale of the property made by Hall to Davis. The evidence on behalf of the plaintiff in attachment, on this issue, was sufficient, as held by this court, to go to the jury, and therefore the direction of a nonsuit was held to be erroneous.

The evidence in the present trial clearly and conclusively shows, without dispute, that the property which Hall sold to Davis did not belong to Hall, but was the property of Lacey, and that Hall was simply acting for Lacey in the sale of it to Davis; and it follows, as a matter of course, that if the property belonged to Lacey, the money arising from its sale also belonged to him. There is no evidence whatever, outside of the letters of Hall to Davis, which tends to show to any extent that the property and the money arising from the sale thereof belonged to Hall or that he had any interest in it. The learned trial judge correctly and fully presented the issue in the claim case, which was that if the property sold by Hall to Davis was the property of Hall, then the funds in the hands of Davis belonged to Hall, but if the property sold by Hall to Davis was Lacey's property, then the funds in Davis's hands belonged to Lacey. This was a clear statement of the facts, about which there was no dispute, and, we think, a correct statement of the law. The only way to determine the

issue of fact as to the ownership of the money in the hands of Davis, the garnishee, arising from the sale of the property, was to determine to whom the property, the consideration of the money, belonged, and on this point there is no dispute, under the evidence, that Lacy bought the property at Anniston, that Hall simply acted for him in selling it to Davis, and that, as a matter of fact, Davis, when the service of the summons of garnishment was served upon him, held the funds in his hands as the property of Lacey, although at that time he did not know that it was the property of Lacey but was under the impression that it was the property of Hall. It makes no difference that the garnishment served upon Davis held up in his hands property which was, without dispute, the property of Lacey, or that the money in the hands of Davis was the money agreed to be paid for that property, for if the property belonged to Lacey, the money did, and if Lacey could claim the property he certainly could claim the money. The fact that Hall may have had the right to bring suit in his own name for the use of Davis to recover the money presents no reason for determining that Lacey, the true owner of the property, and, consequently, of the money for which the property was sold, can not maintain his claim for the money. Regardless of any technical questions, the facts of the case, as disclosed by the record, show beyond controversy that this money belonged to Lacey, the defendant in error.

The exceptions made to certain extracts from the charge of the court are without merit. The court correctly presented the issue to the jury, and the verdict of the jury is not only amply supported, but, taken all together, the evidence demanded the verdict as rendered for the claimant. The motion for a new trial was therefore properly overruled.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*