15868. HERCULES POWDER Co. v. RHODEN *et al.,* for use, etc.

BELL, J. 1. "While ancillary to the main suit, a garnishment is a distinct cause of action between different parties, requiring a separate and independent judgment." *Dent* v. *Dent,* 118 *Ga.* 853 (1) (45 S. E. 680). It is in effect a suit by the plaintiff against his debtor's debtor. *Holmes* v. *Pope,* 1 *Ga. App.* 338 (1) (58 S. E. 281); *Singer Sewing Machine Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545 (1) (59 S. E. 473). It could not embrace a third suit against the garnishee by a stranger who comes in and claims the fund.

2. Where a garnishee answers that he is indebted either to the defendant or to a named third person in a sum specified, but does not know which of them he owes, and further alleges that he is not indebted to the defendant in any other or further sum, averring his readiness to pay the money into court, and where such third person, on being given notice by the garnishee of the pendency of the proceeding and of the contents of the answer, comes in and files a claim alleging that the money does not belong to the defendant but is the property of the claimant, a judgment awarding the fund to the claimant would not estop him from suing the garnishee for a balance alleged to be due him, under the same contract by virtue of which the indebtedness arose which the garnishee had admitted to be due some one and had paid over to the claimant in compliance with such judgment. The issue made by the claim in this case was one existing solely between the plaintiff in garnishment and the claimant, and related only to the ownership of the particular fund. It in no way involved, and could not have involved, a determination of the amount or extent of the garnishee's indebtedness as between the garnishee and the claimant. *Hammett* v. *Morris,* 55 *Ga.* 644 (1); *Phillips* v. *Thurber,* 56 *Ga.* 393 (2); *Hirsch* v. *Lumbermen's Supply Co.,* 130 *Ga.* 555 (1) (61 S. E. 225); *Mixon* v. *Lacy,* 28 *Ga. App.* 606 (112 S. E. 377); Civil Code (1910), § 4336. Where to such subsequent suit the defendant therein filed a plea setting up in substance the facts stated above, a verdict found in favor of the plea was contrary to law, and the court properly granted the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 17, 1925.

Complaint; from city court of Brunswick—Judge Butts. July 14, 1924.

*Bennet, Twitty & Reese,* for plaintiff in error.

*Frank H. Harris, L. N. Carrington,* contra.