20830. Donaldson *v.* Tripod Paint Company *et al.*

Bell, J. 1. "The plaintiff shall not have judgment against the garnishee until he has obtained judgment against the defendant." Civil Code (1910), § 5292. "A joint judgment against the defendant and garnishee is void as to the latter, and an affidavit of illegality to an execution on such judgment should be sustained." *Dent* v. *Dent*, 118 *Ga.* 853 (3) (45 S. E. 680); *Nashville, Chattanooga &c. Ry.* v. *Brown*, 3 *Ga. App.* 561 (4) (60 S. E. 319).

2. The principles stated above are applicable to a garnishment founded upon an attachment issued pendente lite in accordance with section 5071 of the Civil Code of 1910. The provisions of this section and those of section 4333 merely provide exceptions to the general rule (see § 4331) that no suitor shall be entitled to prosecute more than one action at the same time and for the same cause, and against the same party; and there is nothing in either of these sections to qualify the rule stated in section 5292, to the effect that a judgment against the defendant in the main case is a condition precedent to a judgment against the garnishee.

3. The record in the garnishment case showing affirmatively that the court had not entered a previous judgment against the defendant, but had undertaken in a single order to render judgment against both the defendant and the garnishee, the judgment against the garnishee was void, and the motion filed by this party to vacate and set aside such judgment was properly sustained. *Ingram* v. *Jackson Mercantile Co.*, 2 *Ga. App.* 218 (2) (58 S. E. 372); *Farmers & Traders Bank* v. *University Publishing Co.*, 9 *Ga. App.* 128 (2) (70 S. E. 602); *Jones* v. *Maril*, 19 *Ga. App.* 216 (91 S. E. 445); *Rowe* v. *Peoples Credit Co.*, 37 *Ga. App.* 535 (140 S. E. 800). Nothing to the contrary was decided in *Graves* v. *Strozier*, 37 *Ga.* 32. The judgment against the garnishee having been properly set aside for the reason stated, it is unnecessary to pass upon the validity of other grounds of the motion, and these are not adjudicated. See, in this connection, *Citizens National Bank* v. *Swift Fertilizer Works*, 16 *Ga. App.* 533 (2) (86 S. E. 403); *Warner* v. *Burkhalter*, 22 *Ga. App.* 71 (95 S. E. 470).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided March 12, 1931.

4

*Paul S. Etheridge & Son, William A. Thomas,* for plaintiff.
*Quincey O. Arnold, H. A. Allen, Chauncey Middlebrooks,* for defendants.