## 26604. SMITH *v.* GEORGIA GRANITE CORPORATION.

DECIDED JANUARY 22, 1938.

*Z. B. Rogers,* for plaintiff.   *Clark Edwards Jr.,* for defendant.

SUTTON, J.   Hugh Smith sued out an attachment against Robert Echols, a non-resident, and executed it by serving process of garnishment on Georgia Granite Corporation, which answered and set up that at the time of the service of the garnishment it was indebted to Echols in the sum of $341.20; that since the service of the garnishment and at the time of making its answer it had not received or obtained possession of any additional property, money, or effects of Echols; that he was formerly in its employment, during which time he was injured on October 17, 1935, suffering the loss of one eye; that subsequently an agreement was entered into with him, whereby he was to be paid $4.40 per week, beginning October 24, 1935, and continuing for a period of one hundred weeks, in addition to which he was to be paid a further sum of $23.60 for a total disability resulting from his injury, making a grand total of $463.60; and that in pursuance of said agreement it had paid Echols the sum of $122.40 prior to the time of service of garnishment.   It further answered, that, although it was indebted in the amount set forth, the debt matured weekly at the rate of $4.40, and that there was due Echols only the amount that had matured at the weekly rate of $4.40 since the payment of $122.40; that the sum then remaining in its hands and due to Echols as compensation, under the Georgia workmen's compensation law, for an injury received while in its employment, was exempt from garnishment and the process served; and that the garnishee claims such amount as exempt for Echols in the suit, and asks that the court set up such exemption for him, such exemption being claimed as provided in the Code of 1933, § 114-302: "No claim for compensation under this title shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors."

The plaintiff filed a traverse of the answer of the garnishee, on the grounds, among others, that the money alleged to be due to Echols was not exempt, but was subject to the process of garnishment; that Code, § 114-302 was not applicable to the case, but, if held applicable, it is in violation of section 1 of the fourteenth amendment to the constitution of the United States, and of the constitution of Georgia, art. 1, sec. 1, par. 3, and is further violative of art. 1, sec. 3, par. 2, art. 1, sec. 1, par. 2, and art. 3, sec. 7, par. 17, of the constitution of Georgia. The case was tried before the judge without the intervention of a jury. It appeared from the evidence that the plaintiff agreed to buy the claim of Echols for a discount, provided that his employer, Georgia Granite Corporation, would agree to make payments to him; that the plaintiff and Echols then went to the employer and informed it of the proposed arrangement, and inquired if it would make payments to the plaintiff. The corporation agreed to issue checks for each payment on maturity, payable to Echols, and to send them to the plaintiff who might have Echols indorse them over to him. Thereupon the following instrument was executed: "For value received, I hereby transfer to V. Hugh Smith my claim for damages against the Georgia Granite Co. or Corporation to the amount of $440, without recourse on me, when same comes due. This April 3rd, 1936. [Signed] Robert Echols." Upon receipt of that paper, the plaintiff paid Echols $375, less an account of $30. The matter was reported to the employer, the paper left with it, and the employer again agreed to send the checks to the plaintiff. After a total of $46.40 had been remitted, the corporation notified the plaintiff that it had received a demand from Echols to send all future payments to him at Chicago, Illinois, where he had removed, and not to send checks to the plaintiff, and that it would have to comply with such directions. Then followed the attachment and garnishment. An official of the employer testified that the settlement with Echols had been approved by the Department of Industrial Relations as being the amount due to Echols, and that an award in the amount of $463.60 had been entered by the department in favor of Echols against the corporation ($440 to be paid at the rate of $4.40 for one hundred weeks, besides $23.60 for a total disability) ; that $122.40 of such compensation had been paid before the service of garnish-

ment, including the $46.40 of checks sent to the plaintiff and made payable to Echols.

Judgment for the garnishee was rendered. The plaintiff excepted, insisting, among other things, on the grounds of unconstitutionality as to section 22 of the act of 1920 (Ga. L. 1920, pp. 167, 179), codified as § 114-302. As the constitutionality of section 22 of the workmen's compensation act is thus drawn in question, the Supreme Court of Georgia, and not the Court of Appeals, has jurisdiction of the case. Code, §§ 2-3005, 2-3009; *Goodwyn* v. *Roop*, 181 *Ga.* 327, 328 (182 S. E. 4). Accordingly, the case is transferred to the Supreme Court for decision on the constitutional and other issues raised.

*Transferred to the Supreme Court of Georgia. Stephens, P. J., and Felton, J., concur.*