SMITH *v.* GEORGIA GRANITE CORPORATION.

No. 12296. SEPTEMBER 16, 1938.

*Z. B. Rogers,* for plaintiff. *Clark Edwards Jr.,* for defendant.

BELL, Justice. This case went first for review to the Court of Appeals, but was transferred to this court because it contained an attack upon the constitutionality of a statute of this State. Code, § 2-3005. See 57 *Ga. App.* 245 (194 S. E. 908).

Hugo Smith sued out an attachment, returnable to the city court of Elberton, against Robert Echols, a non-resident, for $350, and had process of garnishment served on the Georgia Granite Corporation. The garnishee answered that it was indebted to Echols $341.20 at the time of the service of garnishment; that no other indebtedness to Echols had arisen since that time; that Echols was injured on October 17, 1935, while in the garnishee's employment, suffering the loss of one eye, and $341.20 (payable $4.40 per week) was the balance due to Echols under an agreed settlement for the injury; but that this sum was exempt from garnishment, under section 22 of the workmen's compensation act (Code, § 114-302), as follows: "No claim for compensation under this title shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors." To this answer the plaintiff filed a traverse on the grounds, among others, that Echols had changed his residence to another State, and therefore that the money admitted to be due him was not exempt from the process of garnishment; that Code § 114-302 is

not applicable to the case, but, if held applicable, it is unconstitutional in that it violates section 1 of the fourteenth amendment to the constitution of the United States (Code, § 1-815), and art. 1, sec. 1, par. 3 (§ 2-103), art. 1, sec. 3, par. 2 (§ 2-302), art. 1, sec. 1, par. 2 (§ 2-102), and art. 3, sec. 7, par. 17 (§ 2-1817), of the constitution of Georgia.

The case was tried before the judge without a jury. It appeared from the testimony of Hugo Smith, the plaintiff, that he agreed to buy the claim of Echols against the employer, the Georgia Granite Corporation, at a discount of about $50, provided the employer would agree to make the payments to him; that the plaintiff and Echols then went to the employer and informed it of the proposed agreement, and inquired if it would make the payments to the plaintiff. The corporation agreed to issue checks for each payment on maturity, payable to Echols, and send them to the plaintiff, who might have Echols indorse them over to him. Thereupon the following instrument was executed and placed in the hands of the employer: "For value received, I hereby transfer to V. Hugo Smith my claim for damages against the Georgia Granite Co. or Corporation to the amount of $440, without recourse on me, when the same comes due. This April 3rd, 1936. [Signed] Robert Echols." For this paper the plaintiff paid Echols $375, less an account of $40 which Echols owed "for provisions and support obtained prior to the time of the above agreement." In pursuance of this agreement, the plaintiff received from the employer checks in the sum of $46.40, which Echols indorsed to him as he had agreed. Echols then moved to Chicago, Illinois, where he still resides, and notified the employer to send all future checks to him there. On being advised of this notice and demand, the plaintiff instituted the present attachment and garnishment proceeding. An official of the employer testified that the settlement with Echols had been approved by the Department of Industrial Relations as being the amount due to Echols, and that an award in the amount of $463.60 had been entered by the department in favor of Echols against the corporation ($440 to be paid at the rate of $4.40 for one hundred weeks, besides $23.60 for a total disability); that $122.40 of such compensation had been paid before the service of garnishment, including the $46.40 in checks sent to the plaintiff and made payable to Echols.

Upon the issue formed by the answer of the garnishee and the plaintiff's traverse, the court rendered judgment in favor of the garnishee. A motion for new trial, on the general grounds was overruled, and the plaintiff excepted.

It is declared in the Code, § 114-302, that no claim for compensation under the workmen's compensation law "shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors." "While ancillary to the main suit, a garnishment is a distinct cause of action between different parties, requiring a separate and independent judgment." *Dent* v. *Dent,* 118 *Ga.* 853 (45 S. E. 680). It is in effect a suit by the plaintiff against his debtor's debtor. *Holmes* v. *Pope,* 1 *Ga. App.* 338 (58 S. E. 281) ; *Singer Sewing Machine Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545 (59 S. E. 473) ; *Hercules Powder Co.* v. *Rhoden,* 33 *Ga. App.* 405 (126 S. E. 267). Accordingly, where the garnishee in an attachment case answered that it was indebted to the defendant in a stated amount, but that such indebtedness arose under the workmen's compensation law, and was exempt from garnishment under the foregoing provision, and the plaintiff filed a traverse of the answer attacking the exemption provision as unconstitutional, and alleging that the indebtedness referred to in the answer was not exempt, for the reason that the defendant had removed from the State of Georgia and then resided in another State, the questions for determination upon such answer and traverse related only to the claimed exemption from garnishment, and did not include any question as to liability of the defendant to the plaintiff in attachment, or as to the *assignability* of the claim for compensation. *Southern Railway Co.* v. *Fulford,* 125 *Ga.* 103 (54 S. E. 68, 5 Ann. Cas. 168) ; *Steers* v. *Morgan,* 66 *Ga.* 552 (2) ; *Mosely* v. *McGough,* 69 *Ga.* 748; *Merchants &c. Bank* v. *Haiman,* 80 *Ga.* 624 (5 S. E. 795) ; *Albright-Pryor Co.* v. *Pacific Selling Co.,* 126 *Ga.* 498 (4) (55 S. E. 251, 115 Am. St. R. 108) ; *Whaley* v. *Kear,* 139 *Ga.* 16 (3, 4) (76 S. E. 390) ; *Ingram* v. *Jackson Mercantile Co.,* 2 *Ga. App.* 218 (2) (58 S. E. 372) ; *Nashville, Chattanooga & St. Louis Ry.* v. *Brown,* 3 *Ga. App.* 561 (60 S. E. 319) ; *Baker Mercantile Co.* v. *Hancock,* 20 *Ga. App.* 799 (3-7) (93 S. E. 496) ; *Hercules Powder Co.* v. *Rhoden,* supra.

The exemption from the claims of creditors as declared in the

Code, § 114-302, is a mere privilege, and not an absolute right. It is provided only as a matter of State policy for the benefit of residents of this State, and can not be claimed either by or for a debtor who has removed to another State, and is no longer either a permanent or a temporary resident of Georgia. *Kyle* v. *Montgomery,* 73 *Ga.* 337 (3); *Harvey* v. *Thompson,* 2 *Ga. App.* 569 (5) (60 S. E. 11); *Southern Railway Co.* v. *Rollins,* 22 *Ga. App.* 393 (95 S. E. 1020). As bearing on the general question, see *Jackson* v. *DuBose,* 87 *Ga.* 761 (4) (13 S. E. 916); *Palmer* v. *Smith,* 88 *Ga.* 84 (2), 88 (13 S. E. 956); *Knox* v. *Yow,* 91 *Ga.* 367 (4) (17 S. E. 654); State ex rel. Lankford *v.* Collins, 70 Okla. 323 (174 Pac. 568, 6 A. L. R. 603); Wagner *v.* Farmers Co-operative Exchange Co., 147 Minn. 376 (180 N. W. 231, 14 A. L. R. 279); Leonetti *v.* Tolton, 264 Mich. 618 (250 N. W. 512, 92 A. L. R. 1050). None of these decisions related to workmen's compensation. It has been held by this court that dower and year's support may be claimed by non-residents, the idea being that these claims are based upon rights, as distinguished from mere privileges. *Mitchell* v. *Word,* 60 *Ga.* 526; *Farris* v. *Battle,* 80 *Ga.* 187 (7 S. E. 262); *Maddox* v. *Patterson,* 80 *Ga.* 719 (6 S. E. 581); *Jones* v. *Cooner,* 142 *Ga.* 127 (82 S. E. 445). It has been held by the Supreme Court of Tennessee, however, that under the statutes of that State even a claim for a year's support is not allowable to a non-resident. White *v.* Bickford, 146 Tenn. 608 (244 S. W. 49, 26 A. L. R. 129). In 11 R. C. L. 505, § 15, it is stated: "While some courts have taken the position that where an exemption statute is not expressly made applicable to non-residents it will not be given effect in their favor, the better view is that unless an exemption statute is expressly confined to residents it applies to non-residents as well, even though such non-residents be aliens." In 25 C. J. 18, § 17, without expression of editorial opinion, it is stated: "In the absence of an express provision in the statute restricting its operation to residents of the State, it has been held by some courts that persons only temporarily within the State, if otherwise coming within the terms of the statute, are entitled to its benefits. By other courts a contrary view is taken, and the operation of the statute is restricted to residents of the State." Regardless of what may be the "better view," this court is committed to the rule that where

an exemption statute is not expressly or impliedly made applicable to non-residents, it will not be given effect in their favor.

In *Kyle* v. *Montgomery,* supra, one of the questions for decision related to the construction of section 3554 of the Code of 1882, reading as follows : "All journeymen, mechanics, and day-laborers shall be exempt from the process and liabilities of garnishment on their daily, weekly, or monthly wages, whether in the hands of their employers or others." It will be noticed that this section made no distinction as between residents and non-residents, and contained nothing to show that it was intended to apply only in favor of resident laborers. On the question of exemption, however, it was said : "Exemption from such liability is a personal privilege as contradistinguished from right, . . and the laws conferring it have no extraterritorial force; they are merely treated as being a part of the remedy for the collection of debts, and are in further-ance of State policy, and can have only a local application." The decision in that case was concurred in by all the Justices, and until reviewed and overruled in the manner provided by law it is binding as authority. It was followed in *Harvey* v. *Thompson,* and *So. Ry. Co.* v. *Rollins,* supra, involving claimed exemptions of wages. Compensation awarded to an employee under the work-men's compensation act partakes of the nature of wages, and falls within the principle laid down in *Kyle* v. *Montgomery,* supra. For decisions to the contrary, and relating to claims under work-men's compensation statutes, see Poore *v.* Bowlin, 150 Tenn. 412 (265 S. W. 671) ; Festervand *v.* Laster, 15 La. App. 159 (130 So. 634). In the following cases, relating to claims of a different character, exemptions were allowed to non-residents. Stark *v.* Stark, 203 Iowa, 1261 (213 N. W. 235) ; Laurel Mills *v.* Ward, 137 Miss. 221 (102 So. 263).

It appearing without dispute from the evidence that the de-fendant in attachment had removed to another State and was no longer a resident of the State of Georgia, the judge erred in finding in favor of the answer of the garnishee on the question of exemption; and this is true regardless of the constitutional questions raised. It is conclusive from the record that the de-fendant does not reside either permanently or temporarily within the State of Georgia. Therefore no decision is made as to the applicability of the exemption to a sojourner or to one who has

maintained the same residential status which existed at the time the liability for compensation arose. Since we have concluded that the exemption does not apply in favor of the defendant in attachment, it is unnecessary to pass upon the validity of the exemption statute, and no decision will now be made upon that question. This court will always refrain from passing upon the constitutionality of an act of the General Assembly, if there is any other valid ground upon which to base a decision. *McGill* v. *Osborne,* 131 *Ga.* 541 (2) (62 S. E. 811); *Georgia Power Co.* v. *Decatur,* 173 *Ga.* 219 (3) (159 S. E. 863).

*Judgment reversed. All the Justices concur.*