31741. KIBBLER *v.* JAMES *et al.*

DECIDED OCTOBER 24, 1947.

*Israel Katz, Isaac M. Wengrow,* for plaintiff.
*Lokey & Bowden,* for defendants.

PARKER, J. Gordon Kibbler sued out an attachment under the provisions of the Code, § 8-101 (1, 6), against Music Corporation of America and Harry James, his affidavit stating that the defendants were indebted to him for $500, and that both defendants were nonresidents and were causing their property to be removed beyond the limits of the State. The plaintiff undertook to levy the attachment by serving process of garnishment on Harry James, one of the defendants, and on another person not here involved, as provided by the Code, § 8-205. Thereupon Harry James filed a special appearance and plea seeking to quash and dismiss the summons of garnishment served upon him, and praying for an order declaring that he was not required to answer said summons, his motion being based upon the ground that he was a defendant in the attachment suit and could not be a garnishee therein. Upon filing of this motion the plaintiff amended the summons of garnishment served on James so as to require him to answer on oath as to what property, money or effects he had in his hands belonging to the defendant, Music Corporation of America, and what amount he owed the defendant, Music Corporation of America, at the time of the service of the summons, and what amount he had become indebted to said defendant since the service of said summons. The court ruled that Harry James, being a defendant in the attachment case, was not a proper garnishee, and the said summons of garnishment was quashed as to Harry James. The exception here is to that ruling and judgment.

■ The plaintiff moves to dismiss the writ of error upon the ground that the bill of exceptions fails to name a defendant in error, and because it fails to include as a party the Music Corporation of America, and because the ruling complained of was not a final judgment in the court below. We do not think the motion to dismiss is meritorious. While the bill of exceptions does not specifically name a defendant in error, the recitals therein show clearly that Harry James is the defendant in error and this is sufficient. The Music Corporation of America is not a necessary party to the bill of exceptions because the ruling complained of therein was made in a garnishment proceeding to which it was not a party under the rulings cited in the second division of this opinion. The judgment complained of was final as between the parties to the garnishment proceeding. Furthermore, the attorney for the gar-

nishee, in acknowledging service of the bill of exceptions, stated that he had "no objections to offer to its form." For these several reasons we have concluded that the motion to dismiss should be denied. See *Crowley* v. *Hughes*, 74 *Ga. App.* 531 (40 S. E. 2d, 570), and citations, *Pope* v. *U. S. Fidelity & Guaranty Co.*, 67 *Ga. App.* 560 (21 S. E. 2d, 289), and *Jones* v. *Maril*, 19 *Ga. App.* 216 (91 S. E. 445).

■ Neither side has called our attention to any case in Georgia directly in point, and counsel for both parties seem to admit in their briefs that the question presented, that is, whether a defendant in an attachment proceeding can be made a garnishee as to property or money in his hands belonging to his codefendant, has not been decided by the courts of this State. There are several decisions in attachment and garnishment cases, however, which seem to us to control the instant case. "While ancillary to the main suit, a garnishment is a distinct cause of action between different parties, requiring a separate and independent judgment." *Dent* v. *Dent*, 118 *Ga.* 853 (45 S. E. 680). See also *Lamb* v. *Whitman*, 17 *Ga. App.* 687 (87 S. E. 1095), *Ahrens & Ott Mfg. Co.* v. *Patton & Co.*, 94 *Ga.* 247 (21 S. E. 523), *Warlick* v. *Neal Loan & Banking Co.*, 120 *Ga.* 1070 (48 S. E. 402), *Anderson* v. *Ashford & Co.*, 174 *Ga.* 660 (163 S. E. 741), *Ledbetter* v. *Goodroe*, 176 *Ga.* 845 (169 S. E. 106), and *Smith* v. *Ga. Granite Corp.*, 186 *Ga.* 634, 636 (198 S. E. 772, 119 A. L. R. 550). In the last case cited the Supreme Court said that a garnishment proceeding "is in effect a suit by the plaintiff against his debtor's debtor."

Under the rulings in the foregoing authorities Harry James was a defendant in two separate and distinct cases, that is to say, in the main attachment case, and also in the garnishment case. While he obviously could not be made to answer a summons of garnishment in the latter case by saying under oath how much he was indebted to himself, as a defendant in the first case, we see no reason why he could not be required in a garnishment proceeding which was a separate and distinct action, to answer as to an indebtedness due by him to a codefendant in the attachment case. The Music Corporation of America and Harry James, the two defendants in the main case, could have been indebted to the plaintiff as alleged by him in his affidavit, and it is altogether possible and conceivable that James could also have been indebted to Music

Corporation of America, or could have had in his possession money, property or effects of the Music Corporation of America, wholly without regard to the indebtedness of the two defendants to the plaintiff. When the defendant James moved to quash the summons of garnishment it was amended, and *without objection* on his part, so as to require him to answer as garnishee merely as to what indebtedness he owed Music Corporation of America, or what property or effects he had belonging to said corporation. Therefore, the defendant James was not required to do an impossible thing, as contended by the defendant, by being required to answer as a garnishee in one case what he was indebted to a codefendant in another case; and the court erred in quashing the summons of garnishment as excepted to by the plaintiff.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*